739 P.2d 396

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Ronald Lee STERLEY, Defendant-Appellant.**

**No. 16320.**

Supreme Court of Idaho.

June 24, 1987.

Allen V. Bowles, Moscow, for appellant.

Jim Jones, Atty. Gen., and David R. Minert, Deputy Atty. Gen., (argued), State of Idaho, Boise, for the respondent.

HUNTLEY, Justice.

This case presents two issues. The first is whether the trial court's allowance of electronic recordings as substantive evidence deprived defendant of his sixth amendment confrontation rights. The second issue is whether the trial court erred in sentencing Ronald Lee Sterley for two separate crimes which arose out of the same act.

Ronald Lee Sterley was known as a cocaine source within the Coeur d'Alene area. William Caldwell, who was working as an informant for the Idaho Department of Law Enforcement, contacted Sterley by telephone in the presence of Officer David Kane who recorded the conversation. In that conversation, Caldwell and Sterley agreed to meet at a specified location to transact a sale of cocaine.

On March 4, 1985, Caldwell again telephoned Sterley, and that call was also recorded. In the conversation which ensued, Sterley informed Caldwell that he and his son, Tony Sterley, would meet Caldwell between 10:00 and 10:30 that day. Sterley further stated that he would be driving a white Mustang. Caldwell called Sterley's home a second time that day and in the recorded conversation, Sterley agreed to bring an additional quarter ounce of cocaine to the meeting place.

Officers Kane and Caldwell drove to the designated meeting place, Kane having given Caldwell $600 in recorded funds. Ron Sterley and Tony Sterley arrived in the white Mustang. At that time, Caldwell gave Tony Sterley $600, and Tony Sterley gave Caldwell an eighth ounce of cocaine.

On March 7, 1985, Caldwell telephoned Ron Sterley with Officer Kane recording the conversation. Caldwell and Ron Sterley agreed to meet again when Sterley would sell a half ounce of cocaine to Caldwell. At the appointed time, Caldwell and Officer Kane met Tony Sterley; however, Tony Sterley was the only person in the Mustang. Tony Sterley handed Caldwell the half ounce of cocaine. Caldwell took the cocaine to Officer Kane who performed a field test on it. Tony Sterley was immediately arrested. Later that day Ron Sterley was arrested.

Ron Sterley was charged with conspiring with his son to deliver a controlled substance and delivery[1] of a controlled substance. The jury convicted Ron Sterley on both counts and he was sentenced to an indeterminate two-year prison term for each conviction. Ron Sterley appeals both convictions.

■ With regard to the first issue, Sterley argues that the State's use of recorded telephone conversations as substantive evidence violated his right to confront witnesses against him and deprived the jury of the opportunity to discern the demeanor of the declarant. The State responded to Sterley's argument by asserting that the tape recordings were within the exceptions

to the hearsay rule. However, the fact that the recordings may be within one of the exceptions to the hearsay rule does not mean that confrontation rights have not been violated. The United States Supreme Court, in *California v. Green*, 399 U.S. 149, 152, 90 S.Ct. 1930, 1932, 26 L.Ed.2d 489 (1970), noted that although hearsay rules and the confrontation clause are designed to protect similar values, the overlap is not complete. Hearsay evidence admitted under a hearsay rule exception does not lead to an automatic conclusion that the right to the confrontation has been denied.

Idaho has long recognized that recordings which are properly identified and admitted into evidence may appropriately be played to the jury. *State v. Spencer*, 74 Idaho 173, 182, 258 P.2d 1147, 1156 (1953).

In *United States v. Roberts*, 583 F.2d 1173 (10th Cir.1978), tape recordings of three telephone conversations were allowed into evidence. On appeal, the defendant argued that the introduction of the recordings violated his right of confrontation under the sixth amendment. The court noted that, in a case of a co-conspirator's extrajudicial declarations, "sixth amendment compliance is tested on a case by case basis by examining all the circumstances to determine whether 'the trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement.'" *Id.* at 1176.

The court explained the factors to be considered in determining compliance with sixth amendment rights:

> Numerous factors may be relevant in applying this test. These include: (1) what opportunity the jury had to evaluate the credibility of the declarant, (2) whether the statements were crucial to the government's case or devastating to the defense, (3) the declarant's knowledge of the identities and roles of the other conspirators, (4) whether the extrajudicial statements might be founded on faulty recollections, (5) whether the circumstances under which the statements were made provide reason to believe the

---

1. The "delivery" charge was as an aider and abettor or accomplice, the father having neither

physically delivered the cocaine nor received the payment.

declarant misrepresented defendant's involvement in the crime, (6) whether the statements were ambiguous, (7) what limiting jury instructions, if any, were given, (8) whether prosecutorial misconduct was present, etc. (Citations omitted). *Id.* at 1176.

The record in Sterley reveals that (1) the jury witnessed a lengthy questioning and cross-examination of Caldwell, the government witness, and they were given an opportunity to evaluate his credibility; (2) the recorded conversations, alone, did not establish Sterley's guilt, but augmented the existing testimony and evidence established against him; factors (3) through (5) are not at issue in the instant action; (6) there is no argument presented that the statements on the contested tape recordings were ambiguous; (7) there was no error in the jury instructions; and (8) no prosecutorial misconduct is alleged.

The application of the facts in Sterley to the test formulated in *Roberts, supra,* leads this Court to rule that Sterley's sixth amendment rights were not breached, and the trial court did not err in allowing the electronic recordings to be played to the jury.

■ We next address the issue of whether the conviction and sentencing of Sterley for the crimes of conspiracy to deliver a controlled substance and delivery of a controlled substance was violative of the statutory prohibition against multiple punishment under I.C. § 18–301.[2]

An important distinction in the fact is that Ronald Sterley did not make actual delivery of the cocaine, but his son made the physical delivery of the controlled substance. Therefore, Ronald Sterley is a principal guilty of "delivery" by virtue of his aiding and abetting and being present while the delivery was being consummated by his son.

In *State v. Gutke,* 25 Idaho 737, 139 P. 364 (1914), this Court distinguished double jeopardy from the statutory protection given by I.C. § 18–301. The Court noted that the constitution protected the defendant from being twice placed in jeopardy for the same offense; however, I.C. § 18–301 does not deal with the same offense, but the same act or omission. Therefore, where two or more crimes do arise from the same act or transaction of the defendant, I.C. § 18–301 provides broader protection against double jeopardy than the State or Federal Constitution, and it bars punishment for more than one of the crimes charged. *State v. Ramsey,* 99 Idaho 1, 576 P.2d 572 (1978); *State v. Thompson,* 101 Idaho 430, 614 P.2d 970 (1980); *Bates v. State,* 106 Idaho 395, 679 P.2d 672 (1984); and *State v. Gallatin,* 106 Idaho 564, 682 P.2d 105 (1984).

The "temporal test" has been established to determine whether I.C. § 18–301 is applicable. The test seeks to determine whether the defendant's acts are divisible into separate events. The information which charges Sterley in Count I with conspiracy by virtue of telephone conversations with a police informant lists four overt acts which constitute the conspiracy to deliver a controlled substance.[3] Count II of the Infor-

---

2. I.C. § 18–301 provides:
   **18–301. Acts punishable in different ways—Double jeopardy.**—An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

3.                    COUNT I
   That the defendant, RONALD LEE STERLEY, on or about the 28th day of February, to March 7, 1985, in the County of Kootenai, State of Idaho, did unlawfully conspire to commit an offense in violation of the Uniform Controlled

Substance Act, by conspiring with Tony Ray Sterley, to deliver a controlled substance, to-wit: Cocaine, a Schedule II narcotic.
   I. That it was part of the said conspiracy that the said defendant, RONALD LEE STERLEY, did supply cocaine to Tony Ray Sterley for later delivery to an informant of the Idaho State Police.
   II. That it was also part of the conspiracy that the said defendant, RONALD LEE STERLEY, would receive money from Tony Ray Sterley, in consideration for facilitating the delivery of cocaine in Kootenai County.
                    OVERT ACTS
   1. That on February 28, 1985, the said defendant, RONALD LEE STERLEY, did speak by phone with an informant of the Idaho State

mation, which charges Sterley with delivery of cocaine, lists the third overt acts of Count I as being the acts which constituted Sterley's crime of delivery.

In addition, the trial court in giving its jury instructions repeated the acts which constituted a conspiracy. Jury Instruction No. 12 details for the jury the elements which make up a conspiracy. The court states, as did the Information charging Sterley, that the third element of the conspiracy was the delivery.[4]

The key item in the "temporal test" is to determine whether the defendant's acts are divisible into separate events. In *State v. Hall*, 86 Idaho 63, 383 P.2d 602 (1963), the court reasoned that if one of the crimes could have been completed prior to the commission of the second crime, they could not both arise from the same act or transaction. Therefore, I.C. § 18–301 could not prevent a separate punishment for each offense. In *State v. Gallatin*, 106 Idaho 564, 682 P.2d 105 (1984), the Court of Appeals applied the temporal test to a fact pattern similar to the instant action. Gallatin was convicted and sentenced for conspiracy to deliver a controlled substance and aiding and abetting the delivery of a controlled substance. The evidence against Gallatin included a telephone conversation with an undercover police officer. In the aforementioned telephone conversation, Gallatin and the police officer made a deal to sell cocaine. Meetings were arranged with Gallatin to complete the cocaine sale. In addition, Gallatin was not the individual who actually delivered the cocaine to the police agent. Upon these facts, the Court of Appeals concluded that Gallatin's conduct was a continuous act, and Gallatin could not be convicted and sentenced for two separate crimes. The court noted that sentencing Gallatin for two crimes would be in violation of I.C. § 18–301:

> Upon the State's evidence, everything Gallatin did to aid and abet the delivery of cocaine, he did also in furtherance of the conspiracy. His conduct was one continuous "act". He did nothing more as a principal by aiding and abetting the delivery of the cocaine than he did in furtherance of the conspiracy. We hold therefore that, under I.C. § 18–301, Gallatin can be convicted and sentenced for only one crime but not both. *Id.* at 569, 682 P.2d 105.

Application of the "temporal test has also led this Court to recognize that a conviction for two or more crimes which arise from the same act or transaction violate I.C. § 18–301 if the crimes did not consti-

Police in order to arrange to sell to the informant ¼ ounce of cocaine in Kootenai County.

2. That on March 4, 1985, the said defendant, RONALD LEE STERLEY, did speak by phone to an informant of the Idaho State Police in order to arrange a time and meeting place for the delivery of cocaine on the same day in Kootenai County.

3. That the defendant, RONALD LEE STERLEY, did meet with an informant of Idaho State Police in Kootenai County on March 4, 1985, and participate in the delivery of one-eighth ounce of cocaine to the informant.

4. That on March 7, 1985, the said defendant, RONALD LEE STERLEY, did speak by phone with an informant of the Idaho State Police in order to arrange for the delivery of one-half ounce of cocaine in Kootenai County that same day and discuss price for cocaine.

4. The trial court instructed the jury on the definition of conspiracy as follows:

YOU ARE INSTRUCTED that a conspiracy is an agreement entered into between two or more persons with the specific intent to agree to commit the public offense of DELIVERY OF A CONTROLLED SUBSTANCE, followed by an overt act committed in this state by one or more of the parties for the purpose of accomplishing the object of the agreement. Conspiracy is a crime.

In order to find a defendant guilty of conspiracy, in addition to proof of the unlawful agreement and specific intent, there must be proof of the commission of at least one of the overt acts alleged in the information. It is not necessary to the guilt of any particular defendant that he himself committed the overt act, if he was one of the conspirators when such an act was committed.

The term "overt act" means any step taken or act committed by one or more of the conspirators which goes beyond mere planning an agreement to commit a public offense and which step or act is done in furtherance of the accomplishment of the object of the conspiracy.

To be an "overt act", the step taken or act committed need not, in and of itself, constitute the crime or even an attempt to commit the crime, which is the ultimate object of the conspiracy. Nor is it required that such step or act, in and of itself, be a criminal or an unlawful act.

tute separate acts. In *State v. McCormick*, 100 Idaho 111, 594 P.2d 149 (1979), this Court held that I.C. § 18–301 did not prohibit the defendant from being sentenced for both the crimes of burglary and rape. In reaching this conclusion, the court reasoned:

> We hold that I.C. § 18–301 does not prohibit the defendant's sentencing for both the crimes of burglary and rape. As pointed out in *State v. Green, supra,* and previously in this opinion, the crimes of burglary and rape do not have identical components. The "act" of burglary herein was complete when the defendant entered the premises with the intent to commit rape. The rape was not complete until the defendant had intercourse with the victim. Although both crimes arose out of the same incident, each constituted separate acts under I.C. § 18–301. See generally *State v. Mooneyham*, 96 Idaho 145, 525 P.2d 340 (1974); *State v. Hall*, 86 Idaho 63, 383 P.2d 602 (1963).

Hence, the court looks for separate acts before allowing conviction of two crimes arising out of the same incident. The Information, charging Sterley, listed delivery as one of the elements of the conspiracy. The trial judge, in instructing the jury, noted that delivery was one of the components of conspiracy. Therefore, it is evident that the delivery is totally subsumed in the conspiracy conviction. In other words, everything Sterley did to aid and abet the delivery of cocaine was also done in furtherance of the conspiracy. To sentence Sterley for both conspiracy to deliver a controlled substance and delivery of a controlled substance would be violative of I.C. § 18–301. Accordingly, the case is remanded to the trial court with instructions to vacate the judgment of conviction and the sentence on one or the other of the two charges.

DONALDSON, BAKES and BISTLINE, JJ. and BENGTSON, J. Pro Tem, concur.