# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 38527

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

RANDY LYN MC KINNEY,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

Boise, September 2012 Term

2013 Opinion No. 1

Filed: January 3, 2013

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Butte County. Hon. Joel E. Tingey, District Judge.

The decision of the district court is <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender, Boise, for Appellant.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

Randy L. McKinney was sentenced to death for first-degree murder (both premeditated murder and felony murder) and received prison sentences for conspiracy to commit murder, robbery, and conspiracy to commit robbery. His death sentence, but not his conviction, was set aside in a federal habeas corpus proceeding; thereafter, he and the State reached a sentencing agreement under which he was resentenced to fixed life without possibility of parole for first-degree murder, to be served concurrently with his other sentences. In this appeal, McKinney alleges that his sentence violates the double jeopardy clauses of the Idaho and federal constitutions, as well as Idaho's multiple-punishment statute, I.C. § 18-301 (repealed 1995).

## II. FACTUAL AND PROCEDURAL BACKGROUND

1

In 1981, a Bonneville County jury found McKinney guilty of premeditated murder, felony murder, conspiracy to commit murder, robbery, and conspiracy to commit robbery. He admits in this appeal that he and his girlfriend, Dovey Small, were hitchhiking through the state when they stopped in Blackfoot, Idaho, to visit Small's sisters. While there, McKinney and Small developed a plan to rob and kill Robert Bishop, an acquaintance of one of Small's sisters. McKinney traveled with only Bishop to a gravel pit near Arco, Idaho; shot Bishop to death; and took his car and wallet.

McKinney originally was sentenced to death for first-degree murder, in addition to prison sentences for his other crimes, but the United States District Court for the District of Idaho found that he was denied effective assistance of counsel during the sentencing phase of his trial. *McKinney v. Fisher*, CV96-0177-S-BLW, 2009 WL 3151106, at *1, *19–28 (D. Idaho Sept. 25, 2009). It is noteworthy that the jury's verdict was not disturbed, as the federal court found that McKinney was "not entitled to relief on any claims related to the guilt phase of his state court criminal trial." *Id.* at *1; *see also id.* at *7–19. It is not disputed that McKinney is factually guilty of all of the crimes of which he was convicted.

In 2009, the Seventh District Court for Butte County resentenced McKinney pursuant to an I.C.R. 11 sentencing agreement.[1] The State agreed neither to appeal the United States District Court's decision to the Ninth Circuit Court of Appeals nor to seek the death penalty on resentencing. In exchange, McKinney consented to a sentence of fixed life without possibility of parole for first-degree murder, to be served concurrently with his sentences for conspiracy to commit murder, robbery, and conspiracy to commit robbery.

In 2010, McKinney filed his Motion to Correct Illegal Sentences pursuant to I.C.R. 35.[2] He claimed that the Idaho[3] and federal[4] double jeopardy clauses barred his sentence for both first-degree murder and robbery. He also claimed that Idaho's multiple-punishment statute, I.C.

---

[1] Because we resolve the case on other grounds, we leave for another day the question of whether McKinney waived any challenge to his sentences by requesting them in an I.C.R. 11 sentencing agreement.
[2] At the time McKinney filed his motion and when the district court ruled on it, I.C.R. 35 provided in pertinent part: "The court may correct an illegal sentence at any time . . . ." The rule now reads in pertinent part: "The court may correct a sentence that is illegal *from the face of the record* at any time." I.C.R. 35 (emphasis added). This change in language merely incorporates this Court's holding in *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009) that I.C.R. 35 motions are proper only for those sentences that are "illegal from the face of the record, i.e., [do] not involve significant questions of fact or require an evidentiary hearing."
[3] Idaho Const. art. I, § 13.
[4] U.S. Const. amend. V.

§ 18-301 (repealed 1995),[5] barred his sentences for the underlying substantive crimes of murder and robbery in addition to the conspiracies to commit those crimes, so that only the conspiracy sentences remained valid.

The district court denied McKinney's Rule 35 Motion. First, the district court acknowledged that robbery is a lesser included offense of *felony murder*, but held that it is not a lesser included offense of *premeditated murder*. Because the jury separately found that McKinney committed premeditated murder, he could properly be punished for both murder and robbery. Second, the district court declined to decide the merits of McKinney's I.C. § 18-301 claims because doing so would require it to "reexamine the underlying facts" of the case, which it held is not allowed in a Rule 35 proceeding. McKinney timely appealed to this Court, and we affirm.

### III. ISSUES ON APPEAL

A.  Was McKinney properly sentenced for both murder and robbery, or did those sentences contravene double jeopardy principles?

B.  Was McKinney properly sentenced for the substantive crimes of murder and robbery in addition to the conspiracies to commit those crimes, or did those sentences contravene Idaho's multiple-punishment statute, I.C. § 18-301?

### IV. STANDARD OF REVIEW

This Court freely reviews a district court's ruling on an I.C.R. 35 motion to correct an illegal sentence. *State v. Draper*, 151 Idaho 576, 601, 261 P.3d 853, 878 (2011).[6]

### V. ANALYSIS

We agree with much of the district court's analysis, and affirm the district court's denial of McKinney's Rule 35 motion. Both issues in this case require us to determine whether McKinney properly brought his claims through a Rule 35 motion, which may be used to contest only those sentences that are illegal from the face of the record. *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). In *Clements*, a shooter murdered one woman and attempted to murder another woman. *Id.* at 83–84, 218 P.3d at 1144–45. His sentence included two

---

[5] Although I.C. § 18-301 has been repealed, the State does not dispute its applicability here, as it was in effect when McKinney was prosecuted.

[6] When a defendant's sentence is within the statutory limits and the defendant's I.C.R. 35 motion alleges that the sentence is excessive, the motion is a plea for leniency, and this Court reviews the district court's decision for an abuse of discretion. 151 Idaho at 601, 261 P.3d at 878. McKinney's motion is not a plea for leniency.

enhancements, both of which were based on his use of a firearm in the shootings. *Id.* Ten years later, the shooter filed a Rule 35 motion in which he alleged that his sentences were illegal because I.C. § 19-2520E prohibits multiple enhancements for "crimes [that] arose out of the same indivisible course of conduct." *Id.* The district court reviewed the transcript of the preliminary hearing in the case, and then granted the shooter's motion. *Id.*

We reversed, concluding that I.C.R. 35 allows a district court to correct only those sentences that are "illegal from the face of the record, i.e., [do] not involve significant questions of fact or require an evidentiary hearing." *Id.* at 86, 218 P.3d at 1147. Even reviewing the preliminary hearing transcript in order to determine whether the murder and attempted murder arose out of the same indivisible course of conduct constituted significant fact-finding; therefore, the district court erred in considering the merits of the shooter's motion. *See id.* 87–88, 218 P.3d at 1148–49. With this standard in mind, we turn to McKinney's claims.

## A.     McKinney was properly sentenced for both murder and robbery.

Under both the federal and Idaho double jeopardy clauses, "a defendant may not be convicted of both a greater and lesser included offense." *State v. Pizzuto*, 119 Idaho 742, 756, 810 P.2d 680, 694 (1991), *overruled on other grounds by State v. Card*, 121 Idaho 425, 825 P.2d 1081 (1991). Different jurisdictions follow a variety of approaches for defining lesser included offenses. *See generally State v. Meadors*, 908 P.2d 731, 735 (N.M. 1995); *State v. Keffer*, 860 P.2d 1118, 1128–29 (Wyo. 1993). At one extreme, the federal courts apply the "strict elements" approach and look only to the statutory elements of the crimes charged. *See State v. Corbus*, 151 Idaho 368, 371, 256 P.3d 776, 779 (Ct. App. 2011). At the opposite extreme, courts following the "cognate-evidence" approach examine the evidence actually adduced at trial. *Meadors*, 908 P.2d at 735; *Keffer*, 860 P.2d at 1129. The "pleading theory," which Idaho has adopted, is an intermediate approach. *State v. Thompson*, 101 Idaho 430, 433–34, 614 P.2d 970, 973–74 (1980). Under the pleading theory, a lesser included offense is one "alleged in the information as a means or element of the commission of the higher offense." *Id.* at 434, 614 P.2d at 974.

The State observes that the district court declined to reach the merits of McKinney's I.C. § 18-301 claims because they involved significant questions of fact and therefore could not properly be brought in a Rule 35 motion. However, the State erroneously claims that this was an "alternative" holding that also disposed of McKinney's double jeopardy claim. We construe the

4

State's argument as a request to uphold on other grounds the district court's denial of double jeopardy relief. *See Markel Int'l Ins. Co. v. Erekson*, 153 Idaho 107, 113, 279 P.3d 93, 99 (2012) ("Where the lower court reaches the correct result by an erroneous theory, this Court will affirm the order on the correct theory." (citing *Nampa & Meridian Irrigation Dist. v. Mussell*, 139 Idaho 28, 33, 72 P.3d 868, 873 (2003))). We reject that request because a double jeopardy claim may properly be brought in a Rule 35 motion.

Under the federal strict elements theory, whether one crime is a lesser included offense of another crime can be determined merely by examining the respective statutes defining those crimes. Likewise, under Idaho's pleading theory, whether one crime is a lesser included offense of another crime can be determined from the face of the record simply by reading the information charging each crime. Therefore, the district court correctly reached the merits of McKinney's double jeopardy claim, because any double jeopardy violation would be apparent from the face of the record.

However, McKinney's claim fails on the merits. The crimes of premeditated murder and robbery each require proof of separate elements. Moreover, the Information in this case alleged premeditation and felony murder as two separate bases for McKinney's first-degree murder charge, and the jury separately found him guilty of both premeditated murder and felony murder.[7] Therefore, McKinney's sentence does not contravene double jeopardy principles.

**B.      McKinney was properly sentenced for the substantive crimes of murder and robbery in addition to the conspiracies to commit those crimes.**

McKinney next challenges his sentences for the substantive crimes of murder and robbery, in addition to the conspiracies to commit those crimes, on the grounds that these sentences violate Idaho's since-repealed multiple-punishment statute, I.C. § 18-301, which provided in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ." The district court held that McKinney's I.C. § 18-

---

[7] McKinney's Rule 11 Sentencing Agreement provides that he be sentenced to a term of fixed life for "first-degree murder," but does not specify whether this is "felony murder" or "premeditated murder." Likewise, the Amended Judgment/Order of Commitment uses only the phrase "first-degree murder." However, it defies belief that the State would gratuitously absolve McKinney of serving any sentence whatsoever for premeditated murder. *See Triad Leasing & Fin., Inc. v. Rocky Mountain Rogues, Inc.*, 148 Idaho 503, 513, 224 P.3d 1092, 1102 (2009) (when contract is ambiguous, court looks to extrinsic evidence to determine parties' intent, including "objective and purpose" of contract provision); *see also State v. Longest*, 149 Idaho 782, 785, 241 P.3d 955, 958 (2010) ("A plea agreement is similar to a contract and is often analyzed according to contract principles.").

301 claims involve significant questions of fact, and therefore that they could not be pursued in a Rule 35 motion. We agree.

A substantive crime and a conspiracy constitute the "same act" for the purposes of I.C. § 18-301 if everything done in furtherance of the substantive crime was also done in furtherance of the conspiracy. *State v. Sterley*, 112 Idaho 1097, 1101, 739 P.2d 396, 400 (1987). In *Sterley*, a father was convicted of both delivery of a controlled substance and conspiring with his son to deliver a controlled substance. *Id.* at 1098, 739 P.2d at 397. On appeal, the father alleged that his conviction for both the conspiracy and the underlying offense violated § 18-301. We held that, because "everything [the father] did to aid and abet the delivery . . . was also done in furtherance of the conspiracy," the two crimes were based on the same act. *Id.* at 1101, 739 P.2d at 400. Thus, the *Sterley* inquiry involves significant questions of fact. It will not be clear from the face of the record whether *everything* done in furtherance of one of the crimes charged was also done in furtherance of another crime. Therefore, the district court properly declined to entertain McKinney's I.C. § 18-301 claim.

## VI. CONCLUSION

McKinney was properly sentenced for both premeditated murder and robbery. Moreover, his I.C. § 18-301 claims cannot be brought in a Rule 35 motion, as they involve significant questions of fact. Therefore, we affirm the district court's order denying McKinney's Rule 35 motion.

Chief Justice BURDICK, Justices EISMANN, HORTON and Justice *pro tem* TROUT, CONCUR.