# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40289

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2014 Opinion No. 14** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: February 21, 2014** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| DEREK EDWARD MOAD, aka DERRICK EDWARD MOAD, | ) | |
| | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

LANSING, Judge

Derek Edward Moad appeals from his convictions for male rape and battery with intent to commit a serious felony.[1] Moad contends, for the first time on appeal, that the district court's imposition of punishment for both crimes violates his right to be free from double jeopardy under the United States and Idaho Constitutions.

## I.

## BACKGROUND

Based upon a sexual attack on his cellmate, Moad was indicted for male rape, Idaho Code § 18-6108, and battery with intent to commit a serious felony (rape or the infamous crime against nature), I.C. § 18-903, 18-911. The indictment alleged:

---

[1]     Moad was convicted of a third offense that is not at issue in this appeal.

1

COUNT I

That the defendant . . . on or between the 3rd day of June, 2011 and the 8th day of June, 2011, in the County of Ada, State of Idaho did use his penis to penetrate the oral opening of [L.T.], a male person, which was done for the purpose of sexual arousal, gratification, or abuse, and where [L.T.] was prevented from resistance by threats of immediate and great bodily harm, accompanied by the apparent power of execution, to-wit: by physically beating and choking [L.T.].

COUNT II

That the defendant . . . on or between the 3rd day of June, 2011 and the 8th day of June, 2011,[2] in the County of Ada, State of Idaho did willfully and unlawfully use force or violence upon the person of [L.T.] by punching, elbowing, kneeing, and/or kicking [L.T.] multiple times, with the intent to commit rape and/or infamous crime against nature.

At trial, evidence was presented that on June 8, 2011, in the penitentiary cell shared by the two men, Moad punched, elbowed, kneed, kicked, and choked L.T. near the cell door before forcing L.T. to perform fellatio on him. Moad then battered L.T. again in a similar manner before forcing him face-down on a cot, where he pulled down L.T.'s pants and Moad rubbed his penis on L.T.'s buttocks, but did not penetrate him. Moad then quit the assault.

In presenting his case to the grand jury and in his opening statement at trial, the prosecutor consistently stated that the charge of battery with intent to commit a serious felony was based upon Moad's acts of battery after the oral rape, and not those preceding the rape. At the jury instruction conference, defense counsel expressed concern that the battery elements instruction did not communicate this distinction and that the jury therefore could improperly convict on Count II for events preceding the oral rape. The district court responded that its proposed instruction properly stated the elements of the offense and that any confusion on the matter could be remedied through the parties' closing arguments. Defense counsel stated "fair enough," and did not request a jury instruction clarifying the matter. At closing argument, both the prosecutor and defense counsel emphasized that the battery charge referred only to Moad's conduct after the oral rape.

The jury returned guilty verdicts on both charges, and the district court imposed sentences on both convictions without defense objection. On appeal, Moad argues for the first time that imposition of sentences on both charges subjects him to multiple punishments in

---

[2]     The evidence was clear that the two charges stemmed from events occurring on the same day; the range of dates was used due to uncertainty as to the date of the events.

violation of the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 13 of the Idaho Constitution because the two crimes constitute one offense for double jeopardy purposes.

## II.

## ANALYSIS

### A.     Fundamental Error

Moad raises his double jeopardy challenge for the first time on appeal. Idaho decisional law has long allowed appellate courts to consider in a criminal case a claim of error to which no objection was made below only if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In order to obtain relief on appeal, a defendant claiming fundamental error must demonstrate that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) the error is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) the error affected the outcome of the trial proceedings. *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010).

The State contends that this Court should not address Moad's claims of fundamental error because he could raise this alleged double jeopardy violation in the district court by a motion to correct an illegal sentence under Idaho Criminal Rule 35. The State directs this Court to the Idaho Supreme Court's recent decision in *State v. McKinney*, 153 Idaho 837, 291 P.3d 1036 (2013), where the defendant presented a double jeopardy challenge to the trial court in that manner. The State's argument has no merit, for *all* claims raised as fundamental errors in a criminal case *could* have been preserved in the trial court. Whether the double jeopardy bar precludes multiple punishments for convictions obtained in a single case could be raised by the defense in a post-verdict motion, at sentencing, or in a Rule 35 motion. Like other claims of constitutional error, if the defense fails to raise the issue in the trial court, it may be advanced for the first time on appeal provided, of course, that all of the *Perry* fundamental error elements are met. The fact that the Idaho Supreme Court in *McKinney* recognized another avenue to pursue double jeopardy relief before the trial court does not affect whether such a claim is reviewable as fundamental error.

3

**B.     Double Jeopardy**

Moad's contention that his multiple sentences violate constitutional protections against double jeopardy presents questions of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000).

The Double Jeopardy Clauses of the United States and Idaho Constitutions both provide that no person shall be twice put in jeopardy for the same offense. They afford a defendant three basic protections: protection against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001). It is the third of these that is at issue in this case.

Determining whether a defendant's prosecution or conviction and punishment for two offenses violates the Fifth Amendment's Double Jeopardy Clause requires application of the test set out in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under that analysis, the court looks to the statutory elements of the offenses to ascertain whether two offenses are involved, or only one. If the statutory definition of each crime requires proof of an additional element that the other does not, they constitute separate offenses. *Id.* If two offenses have been determined to be a single offense under this *Blockburger* test, then convicting and punishing a defendant for both is a violation of the Double Jeopardy Clause. *Brown v. Ohio*, 432 U.S. 161, 168-69 (1977).

In analyzing whether there has been a violation of the Double Jeopardy Clause of the Idaho Constitution, however, the Idaho Supreme Court uses a different test. Our Supreme Court has utilized a "pleading theory" to determine whether one offense is a lesser-included offense of the other; if so, punishment for both will violate the Idaho Constitution. *State v. Thompson*, 101 Idaho 430, 434-35, 614 P.2d 970, 974-75 (1980). Under this pleading theory, a court must consider whether the terms of the charging document allege that both offenses arose from the same factual circumstances such that one offense was the means by which the other was committed.[3] *Id.* at 435, 614 P.2d at 975. *See also McKinney*, 153 Idaho at 841, 291 P.3d at

---

[3]     In *State v. Corbus*, 151 Idaho 368, 370-71, 256 P.3d 776, 778-79 (Ct. App. 2011), this Court held that a claim of double punishment in violation of the Idaho Constitution did not demonstrate fundamental error because, in this Court's view, Idaho Supreme Court authority on the test to be applied was inconsistent, and thus no clear constitutional error had been shown. We noted that in addition to articulating the pleading theory, the Idaho Supreme Court had also utilized a statutory elements test akin to *Blockburger* in applying Idaho's Double Jeopardy

1040; *State v. McCormick*, 100 Idaho 111, 115, 594 P.2d 149, 153 (1979); *State v. Anderson*, 82 Idaho 293, 301, 352 P.2d 972, 976 (1960). Because the pleading theory relies on an examination of the charging indictment or information, it generally provides a broader definition of greater and lesser-included offenses than does the *Blockburger* statutory elements test. *Thompson*, 101 Idaho at 433-34, 614 P.2d at 973-74.

### 1.    Pre-rape conduct

Moad presents several alternative arguments as to why it is unconstitutional to punish him for both the battery with intent offense and the male rape offense. Moad's first set of challenges turn on whether the battery charge alleged in Count II was premised on acts *before* the rape. If so, he contends, his punishment for both offenses violates the Double Jeopardy Clauses of both constitutions. He argues that battery with intent to commit rape does not include an element in addition to those required for the completed rape, and therefore he cannot be subjected to separate sentences under the United States Constitution. He asserts that the same result lies under the Idaho Constitution because the indictment can be interpreted as alleging that the battery was the means or an element of the commission of the rape. Because the district court did not instruct the jury that it could not find him guilty on the battery charge for his pre-rape conduct, Moad argues that he was subjected to a possible double jeopardy violation.

The State does not deny that if the battery conviction were based on Moad's pre-rape conduct, punishment for both offenses would be prohibited under both the federal *Blockburger* test and the Idaho pleading test. The State contends, however, that because it was made clear to the jury that the battery charge was for only acts after the rape and that the battery therefore could not have been a lesser-included offense of the rape, Moad has not shown fundamental error

---

Clause. *Corbus*, 151 Idaho at 372-75, 256 P.3d at 780-83. We also concluded that the two tests would lead to different results in the *Corbus* case. *Id.* at 375, 256 P.3d at 783. In a subsequent case, however, the Idaho Supreme Court again applied the *Thompson* pleading test to a double jeopardy claim arising under the Idaho Constitution, without mentioning the statutory elements test. *State v. McKinney*, 153 Idaho 837, 841, 291 P.3d 1036, 1040 (2013). As *McKinney* is the Idaho Supreme Court's most recent pronouncement on the issue and reiterated only the pleading theory following this Court's explication of the confusion in Idaho law on the subject, we conclude that it is only the pleading theory that is to be applied in addressing a double punishment claim under the Idaho Constitution.

even if the district court erred in declining to instruct the jury that the battery was based on post-rape conduct.[4]

We agree that Moad's first argument is without merit. The third prong of the test for reversible fundamental error requires that the defendant persuade the court that the alleged error affected the outcome of the trial proceedings. *Perry*, 150 Idaho at 226, 245 P.3d at 978. Even if we assume that this claim of error satisfies the first two prongs of the *Perry* test in that Moad alleges a violation of an unwaived constitutional right and that the error is clear or obvious from the record, he has not met his burden to show that the error affected the outcome of the trial proceedings. Throughout the trial, from opening statement to closing argument, the State consistently noted that the battery charge was predicated solely on Moad's acts after the oral rape. With both the prosecutor and defense counsel having specifically emphasized in closing argument that it was the defendant's conduct occurring *after* the oral rape that was the basis for the battery with intent charge, there is virtually no risk that the jury based the Count II conviction on Moad's pre-rape conduct. Therefore, Moad has not demonstrated that the alleged error, including any deficiency in the jury instructions, affected the outcome of the trial.

### 2. Post-rape conduct

Moad next asserts that even if the jury understood that the battery charge was premised on his conduct *after* the oral rape, punishment for both charges still violates both the federal and state constitutions' Double Jeopardy Clauses because the acts occurred as parts of an indivisible course of conduct and thus constitute a single criminal offense. The State maintains that the conduct on which the two charges are predicated is divisible between acts leading to and including the rape and acts occurring after the rape and, therefore there is no infringement of Moad's right against double jeopardy.

It is generally held that when a person commits multiple acts against the same victim during a single criminal episode and each act could independently support a conviction for the same offense, for purposes of double jeopardy the "offense" is typically the episode, not each individual act. *State v. Moffat*, 154 Idaho 529, 533, 300 P.3d 61, 65 (Ct. App. 2013). However, the double jeopardy prohibition is not violated if the charges are for distinct crimes rather than

---

[4]     The State also argues that the alleged instructional error was invited by Moad and therefore cannot serve as a basis for relief on appeal. Because we reject Moad's claim of fundamental error on other grounds, we do not address the State's invited error argument.

inseparable parts of a single criminal episode. Therefore, if it appears that the double jeopardy bar may be implicated, the court must make a factual inquiry as to whether the crimes were parts of one continuing event or transaction. *Id.* at 532, 300 P.3d at 64.

Whether a course of criminal conduct constitutes one offense or several depends upon "whether or not the conduct constituted separate, distinct and independent crimes." *State v. Major*, 111 Idaho 410, 414, 725 P.2d 115, 119 (1986). This "can be a troublesome question," *id.* (footnote omitted), and "requires an inquiry into the circumstances of the conduct and consideration of the 'intent and objective of the actor.'" *State v. Bush*, 131 Idaho 22, 34, 951 P.2d 1249, 1261 (1997) (quoting *Major*, 111 Idaho at 414, 725 P.2d at 119).

This Court found a double jeopardy violation in *Moffat*, where the defendant was convicted of both battery and attempted strangulation for his conduct in a single episode when he grabbed his girlfriend by the hair, threw her around the room, pushing her into objects and onto the ground, and choked her so that she could not breathe. After holding that the dual convictions implicated double jeopardy under the *Blockburger* test because the statutory elements for battery do not include an element that is not required for attempted strangulation, we considered whether these offenses could be separately punished as independent crimes. We concluded that the attempt to separate the defendant's multiple acts of violence during the same, continuing incident was "an impermissible attempt . . . to divide a single crime into a series of temporal or spatial units to avoid double jeopardy limitations." *Moffat*, 154 Idaho at 534, 300 P.3d at 66.

In contrast, *State v. Grinolds*, 121 Idaho 673, 827 P.2d 686 (1992), illustrates a circumstance where separate punishments did not violate double jeopardy. The Idaho Supreme Court there considered whether two acts of sexual assault against the same victim in a single incident constituted one continuous crime or separate and distinct crimes. In a single prosecution the defendant was convicted and sentenced for two counts of rape. The Supreme Court upheld the multiple punishments because the trial evidence showed that the defendant "had intercourse with the girl in the bedroom, then left the bedroom and went to the living room for an unspecified period of time, and then returned to the bedroom and again engaged in sexual intercourse with the girl." *Id.* at 675, 827 P.2d at 688. This, the Court concluded, showed "there were two separate and distinct acts of rape." *Id.*

Similarly in *Bush*, in a single prosecution the defendant was convicted and sentenced for one count of lewd conduct with a minor and one count of infamous crime against nature for acts

committed against a single victim in the victim's bedroom. *Bush*, 131 Idaho at 25, 951 P.2d at 1252. Our Supreme Court rejected the defendant's argument that punishment for two offenses subjected him to double jeopardy. The Court stated:

> The present case is similar to *Grinolds.* The first sexual assault took place on J.S.'s bed. The second assault took place on J.S.'s couch. The amended information clearly required proof of these different facts. Further, other events occurred in between these acts of sexual assault. After the first assault, J.S. was pulled off the bed and thrown onto the couch where Bush told J.S. he wanted J.S. to engage in fellatio. J.S. refused and was pushed to his knees and Bush tied a t-shirt around J.S.'s face. Bush again placed J.S. on the couch and tied his arms behind his back with a cord. It was after these events that the second act of sexual assault occurred. Bush then again placed J.S.'s penis in his mouth for five to ten minutes. These facts appear to demonstrate that there were two separate and distinct sexual assaults committed on J.S.
>
> Bush's reliance on *State v. Estes*, 111 Idaho 423, 725 P.2d 128 (1986), is misplaced. In that case, Estes had intercourse with a woman four times in a hotel room. Estes was charged with only one count of rape, and he argued that this rendered the information inadequate requiring dismissal because I.C.R. 8 requires that each crime be charged in a separate count. 111 Idaho at 427, 725 P.2d at 132. This Court disagreed, holding that: "although four acts of sexual penetration occurred, they were part of one continuing transaction. The separate penetrations were not separate acts at different times, in different places, with different actors or circumstances." *Id.* Double jeopardy was not an issue in *Estes*, and is further distinguishable because the present case did involve separate acts in different places.
>
> Thus, we hold that Bush's convictions for lewd conduct with a minor and infamous crime against nature did not violate the Double Jeopardy Clauses of the United States or the Idaho Constitutions.

*Bush*, 131 Idaho at 34, 951 P.2d at 1261.

Drawing upon the foregoing authorities, we conclude that the offenses in this case were separate and independent. The rape offense was concluded before the subsequent battery commenced. After orally raping L.T., Moad beat him and moved him away from the cell door and onto a cot, where he continued the battery. The battery was an additional brutalization of the victim that occurred after the rape was completed. Although these crimes were closely related in time and space, having occurred in a jail cell a few feet apart, so too were the offenses at issue in *Bush* and *Grinolds*. In those cases, our Supreme Court nonetheless concluded that the offenses were separate and distinct. Application of the same standards compels a conclusion that the offenses here are separately punishable.

8

**C.    Sufficiency of the Evidence of Battery with Intent to Commit a Serious Felony**

Lastly, Moad also argues that the post-rape evidence on the charge of battery with intent to commit rape or the infamous crime was insufficient to convict. According to the State's evidence, after the oral rape, Moad battered L.T. and then forced him face-down onto a cot, where he pulled down L.T.'s pants, applied a lubricant, and rubbed his penis on L.T.'s buttocks. Moad did not penetrate L.T., however. Moad argues that the fact that L.T. did not proceed with anal penetration establishes that he did not commit the battery with the intent to commit rape or the infamous crime, and therefore the evidence supports only a misdemeanor battery conviction. Moad relies upon L.T.'s testimony that whenever disagreements between Moad and L.T. became physical, Moad always prevailed, and the encounters would end only when Moad decided to stop. According to Moad, this shows that the element of intent to rape or commit the infamous crime against nature was not proved because if Moad had intended to penetrate L.T., he would have done so. Moad asserts that had he "intended such action, he would have been able to complete it."

A jury may infer intent from the defendant's conduct, *State v. Warden*, 100 Idaho 21, 24, 592 P.2d 836, 839 (1979); *State v. Herrera-Brito*, 131 Idaho 383, 386, 957 P.2d 1099, 1102 (Ct. App. 1998), or from circumstantial evidence, *State v. Oldham*, 92 Idaho 124, 132, 438 P.2d 275, 283 (1968); *State v. Crowe*, 135 Idaho 43, 47, 13 P.3d 1256, 1260 (Ct. App. 2000). Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Moad's defense theory, while proper for closing argument, does not establish that the evidence of intent to rape was insufficient. Moad may have discontinued his attack on L.T. for any of a number of unknown reasons, and this Court will not speculate that the reason he did so

was a lack of even an initial intent to complete the crime. Here, the evidence was sufficient for a rational jury to conclude that the battery was done with the intent to commit a sexual assault, and the applicable standards of review require this Court to defer to that determination.

## III.

## CONCLUSION

Because Moad has not demonstrated fundamental error on his claim that he was subjected to double jeopardy and because the record does not support his contention that the trial evidence was insufficient to sustain his conviction for battery with intent to commit rape or the infamous crime, the judgment of conviction is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**