**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44168**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 395** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 14, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOHN KIM BAKER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Order denying motion to dismiss, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

John Kim Baker appeals from his conviction for felony eluding a peace officer. Idaho Code § 49-1404(2). He asserts the district court erred when it denied his motion to dismiss based on double jeopardy grounds.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

At 12:03 a.m. on March 31, 2015, Ada County dispatch advised of an attempt to locate a vehicle regarding a possible aggravated assault with a firearm incident that occurred at a hotel located in Boise. Five minutes later, three Ada County Sheriff deputies were en route to assist. Boise Police officers were en route at the same time to investigate the claim of the aggravated assault. One of the deputies located a vehicle, driven by Baker and matching the description of the suspect vehicle, at a drive-thru of a restaurant. The deputy pulled behind Baker after he left

1

the drive-thru and engaged his overhead lights. The deputy testified that the suspect vehicle then fled, attempting to elude. Thereafter, a chase ensued through two large store parking lots, twice around a hotel, and then back to the store parking lots. During this time, the deputy's flashing overhead lights were on as well as the deputy's auxiliary front, back, and side lights. Baker then drove through the parking lot of a strip mall, over a curb, and started driving east in the westbound lanes of Overland Road. Baker eventually corrected into the eastbound lanes, turned south on Cole Road, and entered the freeway. Both Ada County Sheriff's office and Boise Police units were involved in the pursuit with their lights and sirens on. The deputy in the lead position testified that Baker was driving between 110 and 120 miles per hour in an area where the speed limit was 65 miles per hour. The pursuit was terminated at 12:19 a.m.

Prior to this, the deputy had requested assistance from the Elmore County Sheriff's office to deploy spike strips in the area near the Ada and Elmore County line. However, because the pursuit was terminated prior to the arrival of the deputies from Elmore County, the Elmore County deputies did not deploy spike strips and instead returned to cover I-84 Exits 90 and 95, because there was some concern Baker would try to enter Mountain Home through one of these exits. While positioned at the exits, there was some testimony that the deputies' lights may have been deployed, though none of the officers saw Baker's vehicle while waiting at the exits, and they thereafter resumed their normal patrol activities at about 1:00 a.m.

At approximately 2:30 a.m. Elmore County dispatch advised that Baker was reported to be in Elmore County and had made phone calls stating he was going to provoke an incident with officers so that they would shoot him. A sergeant that had previously covered Exit 95 started to travel west on I-84 as dispatch advised that Baker was traveling eastbound in the westbound lanes of I-84. The sergeant located the vehicle and made a U-turn and deployed his emergency lights while following Baker. Baker turned his headlights on and off to acknowledge the sergeant. The sergeant testified that when he approached with his emergency lights on, Baker fled eastbound on I-84. Baker traveled between thirty-five and forty miles per hour, significantly lower than the posted speed limit of eighty miles per hour. The sergeant pursued Baker with his lights and siren on; however, Baker did not stop. Spike strips were deployed and approximately two miles after Baker's vehicle was disabled by the spike strips, he was arrested and charged with misdemeanor eluding a peace officer, I.C. § 49-1404(1), for the incident in Elmore County.

2

Baker pled guilty to the misdemeanor eluding charge the day he was arrested and was sentenced to sixty days of incarceration.

Subsequently, the State filed a complaint charging Baker with felony eluding a peace officer, I.C. § 49-1404(2), for the incident in Ada County. Baker filed a motion to dismiss contending that prosecution in Ada and Elmore Counties for one act of eluding violated the prohibition against double jeopardy. The motion was denied by the district court. Baker entered a guilty plea to the felony eluding charge and being a persistent violator while preserving his right to challenge the court's denial of his motion to dismiss. He was sentenced to a unified term of ten years with two years determinate. Baker timely appeals.

## II.

## ANALYSIS

Whether a defendant's prosecution complies with the constitutional protection against being placed in jeopardy twice is a question of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000). The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Clause affords a defendant three basic protections. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001). The third protection is at issue in this case.

The Idaho Supreme Court has analyzed potential violations of the Double Jeopardy Clause of the Idaho Constitution using a different set of criteria than violations of the Double Jeopardy Clause of the United States Constitution. *State v. Moad*, 156 Idaho 654, 658, 330 P.3d 400, 404 (Ct. App. 2014). Whether a course of criminal conduct constitutes one offense or several depends upon "whether or not the conduct constituted separate, distinct and independent crimes." *Id.* at 660, 330 P.3d at 406 (quoting *State v. Major*, 111 Idaho 410, 414, 725 P.2d 115, 119 (1986)). This "requires an inquiry into the circumstances of the conduct and consideration of the 'intent and objective of the actor.'" *Id.* (quoting *State v. Bush*, 131 Idaho 22, 34, 951 P.2d 1249, 1261 (1997)).

Baker was charged with two acts of eluding: misdemeanor eluding in Elmore County and felony eluding in Ada County. A driver is guilty of misdemeanor eluding if he "wilfully

3

flees or attempts to elude a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop." I.C. § 49-1404(1). Felony eluding, in addition, requires the driver to travel in excess of thirty miles per hour above the posted speed limit or "in a manner as to endanger or likely to endanger the property of another or the person of another." I.C. § 49-1404(2).

The district court based its decision to deny Baker's motion to dismiss on its finding that the charges were not part of a single, continuing offense because there is a "significant difference in time; there's a significant difference in location; and there's a significant difference in the nature of the activity." Baker asserts the district court's conclusion is erroneous because it considered only Baker's conduct, not his intent and objective. Baker notes that he testified it was his perception that it was all one continuous event and claims that there was no period of time when the police were not chasing him and no period of time he ceased trying to elude them. However, it is clear that the district court considered Baker's testimony regarding his intent and objective. The court disputed the rationality of his perspective noting it was "not a reasonable or objective view of what was happening out there."

The facts indicate the two charges did not arise from the same factual circumstance such that one offense was the means by which the other was committed. In Ada County, Baker was traveling between 110 and 120 miles per hour, well over the posted speed limit of 65 miles per hour, resulting in the charge being elevated to a felony. The high speed chase in Ada County ended at 12:19 a.m. and both the Ada County Sheriff's office and Boise Police terminated the pursuit while still in Ada County.

Thereafter, the Elmore County Sheriff's deputies covered Interstate Exits 90 and 95; however, they resumed their normal patrol activities at about 1:00 a.m. since they did not see Baker from these locations. It was not until 2:30 a.m. that the Elmore County dispatch advised that Baker was traveling in the area, and his vehicle was located and pursued by the sergeant who deployed his emergency lights while behind Baker. Then a separate eluding incident began, as Baker fled from the pursuing sergeant at a speed significantly lower than the posted speed limit before his vehicle was disabled by spike strips and he was arrested.

Therefore, between 1:00 a.m. and 2:30 a.m., there was no contact between any law enforcement agency and Baker's vehicle. Baker was not eluding during this significant time period since the statute for both misdemeanor and felony eluding require a pursuing police

4

officer and a visual or audible signal to stop, both of which were absent.  I.C. §§ 49-1401(1), 49-1401(2).  In fact, his conduct was unknown to officers during this time frame.  Consequently, the first offense that resulted in the felony charge of eluding started when the officer turned on his lights and siren in Ada County and a high speed chase ensued and ended when police terminated the pursuit and resumed normal patrol activities.  The second offense that resulted in the misdemeanor charge of eluding started in Elmore County when the sergeant turned on his lights and Baker fled at a low speed.  These are separate and independent offenses, and the charges did not violate Baker's rights against double jeopardy.

## III.

## CONCLUSION

The charges for eluding a peace officer represent separate and independent offenses.  Thus, the Double Jeopardy Clause is not implicated and the district court's denial of Baker's motion to dismiss on such grounds is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.