**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45173**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 19, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| KYLE DAVID ANDERSEN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying motion for mistrial, affirmed; judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Kyle David Andersen appeals from the district court's denial of his motion for a mistrial and his judgment of conviction. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Andersen was found guilty by a jury of possession of a controlled substance, Idaho Code § 37-2732(c)(1), and concealment of evidence, I.C. § 18-2603. The following facts were presented at trial: Two officers noticed a vehicle stopped in an alleyway with its headlights off. In order to investigate, the officers pulled into an adjacent parking lot. The officers observed the vehicle, later determined to be driven by Andersen, pull out of the alleyway and stop near an island in a nearby parking lot. Andersen exited the vehicle, moved around the back of the vehicle, opened the front passenger door, and threw something toward the island. Later, a search

1

revealed that the item thrown by Andersen contained methamphetamine. Among other charges, the State charged Andersen with possession of a controlled substance and felony concealment of evidence. The case proceeded to trial.

During voir dire, one of the potential jurors, Juror 1, stated that "I'm a recovering methamphetamine addict of twenty years ago and in my opinion, by the looks of [Andersen], looks like he does meth." After further questioning, the district court determined that Juror 1 could not be impartial and dismissed Juror 1 for cause. Subsequently, defense counsel moved to strike the jury panel arguing that Juror 1's statement tainted the jury pool. The district court agreed to take the matter up at a later time. After the parties selected a jury, the initial instructions were given and the jurors were released on a break. At that time, defense counsel raised the issue of Juror 1's comment in the form of a motion for a mistrial. The district court denied the motion but offered to give further instruction on the issue. Initially, both parties declined the invitation for further instruction but after the district court read the instruction that it would give the jury, the State asked the district court to give the instruction. Upon the jury's return, the district court gave the following instruction: "You are instructed that anything said by any person during voir dire is not evidence. Anything said by any person during jury selection must not be entered into your decision-making process in any way." Ultimately, the jury convicted Andersen on both counts. The district court imposed two concurrent sentences of four years, with two years determinate. Andersen timely appeals.

## II.

## ANALYSIS

On appeal, Andersen argues that the district court erred in denying his motion for a mistrial. Andersen also contends that his two convictions put him in jeopardy twice for the same offense in violation of the Idaho Constitution.

### A.     Mistrial

Andersen contends that his motion for mistrial should have been granted because his due process rights were violated when a prospective juror tainted the entire jury panel by stating that Andersen looked like he used methamphetamine. The State argues that the district court's denial of Andersen's motion for a mistrial was not in error because Andersen failed to show that the prospective juror's comments had a continuing impact on the trial.

2

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983).

Here, Andersen has not demonstrated that there was a continuing impact on the trial that amounts to reversible error. In addition, "the Constitution presupposes that a jury selected from a fair cross section of the community is impartial, regardless of the mix of individual viewpoints actually represented on the jury . . . ." *Ross v. Oklahoma*, 487 U.S. 81, 86 (1998); *State v. Ellington*, 151 Idaho 53, 69, 253 P.3d 727, 743 (2011). "Where a defendant does not allege or cannot demonstrate that a member of his or her jury was biased or prejudiced, a due process challenge must fail." *State v. Santana*, 135 Idaho 58, 64, 14 P.3d 378, 384 (Ct. App. 2000); *State v. Finlayson*, 956 P.2d 283, 290-91 (Utah Ct. App. 1998). Andersen has failed to rebut the presumption that the impaneled jury was impartial, and cannot show bias in a member of the seated jury.

After the district court determined that Juror 1 could not be impartial, Juror 1 was dismissed for cause and did not sit on the jury. Subsequently, the district court asked numerous questions to the remaining prospective jurors to ensure that they could continue to be impartial. Not once did any of the remaining jury pool members raise their hands when asked if they had a bias or prejudice against Andersen. Although Juror 1 was not an impaneled juror, Andersen contends that Juror 1's statement tainted the entire jury pool because it contained "specifics" regarding Andersen's guilt that had a prejudicial effect on Andersen because the statement was from a "recovering methamphetamine addict of twenty years ago" and involved Andersen's

appearance. Specifically, Andersen argues that the statement had a continuing impact on the trial because Andersen was present throughout the trial and his presence served as a constant reminder of the statement. Andersen is correct insofar as his argument that the appearance of a defendant in shackles or jail clothing can have a prejudicial effect at trial, however, Andersen was not prejudiced by Juror 1's statement under these circumstances. *See Estelle v. Williams*, 425 U.S. 501, 504-05 (1976). Juror 1's statement regarding Andersen's appearance did not explain the characteristics that make an individual appear to be a methamphetamine user, nor did Juror 1 point to specific characteristics that Andersen possessed to bolster this assertion. There is nothing in the record that the impaneled jurors could have relied on to suggest that Andersen appeared to be a methamphetamine user. "At worst, the jurors who actually deliberated received a second-hand opinion" from a prospective juror that Andersen was guilty. *See Ellington*, 151 Idaho at 69, 253 P.3d at 743. Andersen has not demonstrated that the statement of a prospective juror, who was removed for cause, had a continuing impact on his trial. Andersen has not overcome the presumption of juror impartiality, nor has he shown bias in an actual member of the jury.

Even if the juror's statement was prejudicial, the district court's instructions cured any possible prejudice. Andersen argues that the curative instruction was not given immediately after Juror 1's statement, and therefore it cannot be presumed that the jury obeyed the court's instruction. We disagree. Under these circumstances, we do not believe that the timing of the court's instruction is of particular import because it was a general instruction to disregard all comments made during voir dire. The district court's instruction came after denying Andersen's motion for mistrial and properly explained that the jurors were not to consider statements made during voir dire in determining Andersen's guilt. It is presumed that the jury followed these instructions and there is no evidence in the record to the contrary. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997). Additionally, although it is understandable that Andersen did not wish to highlight the issue, it must be noted that Andersen rejected the district court's offer for the curative instruction even after it heard the general nature of the instruction; rather, the State asked the district court to give the instruction. Not only did the district court give a curative instruction after voir dire, the impaneled jurors were instructed on two separate occasions--after voir dire and before deliberations--that they were to decide the case based only on the evidence presented at trial. Consequently, Andersen has failed to show that the statement

4

made during voir dire had a continuing impact on the trial, and the court's instructions ameliorated any potential prejudicial effect as it is presumed that the jury followed the court's instructions. Accordingly, the district court did not err in denying the motion for mistrial.

## B.    Double Jeopardy

For the first time on appeal, Andersen argues that his conviction for possession of methamphetamine is a lesser included offense of his conviction for concealment of evidence thereby subjecting him to double jeopardy.[1]  Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).  Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error.  *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971).  In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error.  The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error:  (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings.  *Id.* at 226, 245 P.3d at 978.

Whether a defendant's prosecution complies with the constitutional protection against being placed in jeopardy twice is a question of law over which we exercise free review. *Santana*, 135 Idaho at 63, 14 P.3d at 383.  Andersen argues that he was deprived of the constitutional protection from multiple criminal punishments for the same offense.

---

[1]    At trial, Andersen motioned for a judgment of acquittal under Idaho Criminal Rule 29, arguing that his convictions subjected him to double jeopardy.  The district court denied his motion as the improper vehicle for a constitutional challenge.  On appeal, Andersen argues that the district court erred in not addressing the substance of the motion over the form.  However, because a proper objection was not made below, we review Andersen's claim of double jeopardy for fundamental error. *See State v. Cannady*, 137 Idaho 67, 72, 44 P.3d 1122, 1127 (2002).

We must determine whether Andersen has shown fundamental error with regard to his double jeopardy claim which arises under the Idaho Constitution.[2] Idaho courts have utilized a pleading theory to determine whether one offense is a lesser included offense of the other; if so, punishment for both will violate the Idaho Constitution. *State v. Thompson*, 101 Idaho 430, 434-35, 614 P.2d 970, 974-75 (1980). Under the pleading theory, a lesser included offense is one "alleged in the information as a means or element of the commission of the higher offense." *Id.* at 434, 614 P.2d 974. The pleading theory does not look at evidence adduced at trial, only the language of the charging document. *State v. McKinney*, 153 Idaho 837, 841, 291 P.3d 1036, 1040 (2013). The charging document reads as follows:

COUNT I

That the Defendant, KYLE DAVID ANDERSEN, on or about the 26th day of December 2016, in Kootenai County, Idaho, did knowingly and unlawfully possess a controlled substance, to wit: methamphetamine, a schedule II controlled substance;

COUNT II

That the Defendant, KYLE DAVID ANDERSEN, on or about the 26th day of December, 2016, in Kootenai County, Idaho, knowing that an object or thing, to wit[:] methamphetamine, was about to be used or discovered in a felony proceeding or investigation, did conceal said methamphetamine with the intent thereby to prevent it from being so used or discovered, all of which is contrary to the form, force, and effect of the statute in such case made and provided and against the peace and dignity of the people of the State of Idaho. Said complainant therefore prays for proceedings according to law.

Andersen argues that Count I is a lesser included offense of Count II because Andersen could not have concealed methamphetamine without possessing it. The State argues that Andersen's challenge does not amount to double jeopardy under the pleading theory because the State did not allege facts in charging felony concealment of evidence that, if proven, also necessarily prove the elements of possession of a controlled substance. Specifically, the State argues that the charging document did not allege facts in Count II that Andersen knew the object or thing that he concealed was methamphetamine, or believed it was a controlled substance, which is a required element of possession of a controlled substance. In response, Andersen asks this Court to infer that Count II of the charging document implicitly requires that Andersen knew that the object he was possessing was methamphetamine, otherwise he would not have known it

---

[2] Andersen concedes that the United States Constitutional test under *Blockburger* is not at issue in this appeal, therefore we need only address the Idaho Constitutional challenge under the pleading theory. *See Blockburger v. United States*, 284 U.S. 299 (1932).

was evidence that was about to be used in a felony investigation. We do not read the pleading theory so broadly. We believe it is important to note that although the pleading theory generally provides a broader definition of greater and lesser included offenses than a statutory theory approach, the charges at issue here do not share even one element in common. *Thompson*, 101 Idaho at 433-34, 614 P.2d at 973-74.

The pleading theory requires that this Court look at the face of the charging document, therefore we will not imply facts or elements outside of its scope. *See McKinney*, 153 Idaho at 841, 291 P.3d at 1040. Here, we are persuaded by the State's argument. Concealment of evidence, as set forth in the charging document, does not require that Andersen knew the character of the evidence that he was concealing. Consistent with the charging document, the State could demonstrate Andersen's guilt of felony concealment of evidence by proving all of the facts alleged in Count II without ever presenting evidence that Andersen knew or believed the item he concealed was a controlled substance. Thus, as charged in this case, it is not clear from the face of the information that the possession of a controlled substance charge was a means or element of the commission of the concealment of evidence charge. Andersen has not shown the alleged error violated an unwaived constitutional right, therefore we need not address the remaining prongs of *Perry*.

**III.**

**CONCLUSION**

The district court's denial of Andersen's motion for a mistrial did not amount to reversible error. Additionally, Andersen cannot establish the first prong of the *Perry* analysis and his fundamental error claim fails. Therefore, the district court's denial of Andersen's motion for mistrial and his judgment of conviction are affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

7