600 P.2d 112 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Robert BERNER, Defendant-Appellant.
No. 78-728.
Colorado Court of Appeals, Div. II.
June 14, 1979.
Rehearing Denied July 5, 1979.
*113 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sp. Asst. Atty. Gen., David Schwartz, Asst. Atty. Gen., Denver, for plaintiff-appellee.
J. Gregory Walta, Colorado State Public Defender, Denver, Daniel M. Winograd, Sp. Deputy State Public Defender, Colorado Springs, for defendant-appellant.
ENOCH, Judge.
Defendant appeals his convictions of reckless endangerment, first-degree criminal trespass, second-degree criminal tampering, and two counts of third-degree assault. We affirm in part and reverse in part.
The thrust of defendant's main argument is that his convictions of reckless endangerment and two counts of third-degree assault constitute multiple convictions for the same offense in violation of the Colorado and United States Constitutions. First he asserts that his conviction of reckless endangerment was improper because reckless endangerment is a lesser included offense of third-degree assault. We disagree.
Section 18-3-204, C.R.S.1973, defines third-degree assault as follows:
"A person commits the crime of assault in the third degree if he intentionally, knowingly or recklessly causes bodily injury to another person or with criminal negligence he causes bodily injury to another person by means of a deadly weapon. Assault in the third degree is a class one misdemeanor."
And § 18-3-208, C.R.S.1973, defines reckless endangerment as follows:
"A person who recklessly engages in conduct which creates a substantial risk of serious bodily injury to another person commits reckless endangerment, which is a class three misdemeanor."
Under the statutory test enunciated in People v. Rivera, 186 Colo. 24, 525 P.2d 431 (1974), a lesser offense is included in a greater offense if establishing the elements of the greater offense necessarily establishes every element of the lesser offense. Here, the establishment of every element of third-degree assault would not necessarily include proving conduct which creates a substantial risk of serious bodily injury, an element of reckless endangerment. Third-degree assault requires proof of bodily injury but not proof of a substantial risk of serious bodily injury. Therefore reckless endangerment is not a lesser included offense of third-degree assault. People v. Rivera, supra.
Next defendant contends that his two convictions of third-degree assault must be viewed as arising out of a single criminal episode or transaction. We agree with this part of defendant's argument.
Defendant's convictions arose out of an altercation with the complaining witness, Karen Ingram. Defendant went to Ingram's home demanding to know the whereabouts of his estranged wife. During the approximately ten minutes that defendant was in Ingram's house trying to get information, he harassed Ingram with verbal abuse and struck her twice. The two blows were delivered to the same person within a short period of time as part of a continuous harangue to extract information. Under these circumstances, we agree with defendant that these two blows were not separate transactions but were part of a single criminal transaction arising from a single impulse. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Therefore it was error to charge and convict defendant twice for the same transaction, and defendant's conviction of one count of third-degree assault must be set aside.
*114 Defendant's final argument is that his conviction of first-degree criminal trespass was invalid because the statutory definition of first-degree criminal trespass is indistinguishable from the lesser offense of third-degree criminal trespass. An identical argument was considered and rejected by the Supreme Court in People v. Marshall, Colo., 586 P.2d 41 (1978), which decision is dispositive of the issue raised here.
We affirm all of the judgments except the judgment of conviction of one count of third-degree assault, which we reverse, and set aside the sentence entered thereon. We do not remand for resentencing on the affirmed third-degree assault conviction because the sentences on both assault convictions were identical and concurrent.
PIERCE and SMITH, JJ., concur.