**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39026**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2013 Opinion No. 2** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: January 15, 2013** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| THOMAS DAVID MOFFAT, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction for attempted strangulation, <u>vacated</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Thomas David Moffat appeals from his judgment of conviction for attempted strangulation. Specifically, Moffat challenges the district court's order denying his motion to dismiss. For the reasons set forth below, we vacate.

**I.**

**FACTS AND PROCEDURE**

On May 9, 2010, Moffat engaged in a domestic dispute with his girlfriend in their home. Moffat's girlfriend contacted the police and reported that, during the dispute, Moffat grabbed her by the hair, grabbed her around the throat, threw her around the room, pushed her into objects, and pushed her to the ground. According to the police report, the responding officer observed that Moffat's girlfriend sustained injuries to the left side of her neck, including red scrape marks consistent with finger marks, and also sustained scrape marks on her back and knees. The officer

1

arrested Moffat and issued a citation for misdemeanor domestic battery pursuant to I.C. § 18-918(3)(b). On May 10, Moffat pled not guilty.

After an officer contacted Moffat's girlfriend for follow-up photos and an interview on May 12, Moffat's girlfriend expressed concern that no charges had been filed against Moffat for attempted strangulation. During this interview, Moffat's girlfriend reported for the first time that Moffat had choked her with one hand so she could not breathe and pulled her hair with the other before he pushed her to the ground. In July, a complaint was filed charging Moffat with attempted strangulation pursuant to I.C. § 18-923(1).

On October 12, Moffat entered a guilty plea to the misdemeanor domestic battery charge. On October 28, after a preliminary hearing on the attempted strangulation charge, an information was filed charging Moffat with attempted strangulation and asserting that Moffat had willfully and unlawfully choked or attempted to strangle his girlfriend on May 9. Moffat was sentenced for misdemeanor domestic battery in November. In December, Moffat filed a motion to dismiss the attempted strangulation charge asserting that, because he pled guilty to misdemeanor domestic battery, prosecution for the offense of attempted strangulation violated his right to be free from double jeopardy. After a hearing, the district court entered an order denying Moffat's motion to dismiss. Moffat entered a conditional guilty plea to attempted strangulation and reserved his right to appeal the district court's order denying his motion. The district court sentenced Moffat to a unified term of eleven years, with a minimum period of confinement of five years, for attempted strangulation, but suspended execution of the sentence and placed Moffat on probation for five years. Moffat appeals.

## II.

## ANALYSIS

Moffat argues that the district court erred by denying his motion to dismiss the attempted strangulation charge. Specifically, Moffat asserts that prosecution for attempted strangulation placed him in double jeopardy in violation of his rights under the United States Constitution and the Idaho Constitution.

Whether a defendant's prosecution or punishment complies with constitutional protection against double jeopardy is a question of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000). The United States Supreme Court applies a statutory theory to determine whether a defendant's prosecution or conviction and

2

punishment for two offenses violates the Double Jeopardy Clause of the United States Constitution. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). The *Blockburger* test provides that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there have been two offenses or only one for double jeopardy purposes is whether each statutory provision requires proof of an additional fact which the other does not. *Id.* at 304. In consecutive prosecutions, if two offenses have been determined to be one offense under the *Blockburger* test, then convicting and punishing a defendant for both offenses is a violation of the Double Jeopardy Clause. *Brown v. Ohio*, 432 U.S. 161, 168-69 (1977). As this Court determined in *State v. Corbus*, 151 Idaho 368, 374, 256 P.3d 776, 782 (Ct. App. 2011), a review of Idaho Supreme Court precedent demonstrates that we apply the *Blockburger* test to determine whether there has been a double jeopardy violation under the United States Constitution. Thus, in order to address Moffat's assertion that prosecution for attempted strangulation placed him in double jeopardy in violation of his rights under the United States Constitution, we must apply the *Blockburger* test.

The two statutes at issue in this case are misdemeanor domestic battery, I.C. § 18-918(3)(b), and attempted strangulation, I.C. § 18-923(1), a felony. Idaho Code Section 18-918(3)(b) provides that "a household member who commits a battery, as defined in section 18-903, Idaho Code, against another household member which does not result in traumatic injury is guilty of a misdemeanor domestic battery." Idaho Code Section 18-903 provides that "a battery is any: (a) Willful and unlawful use of force or violence upon the person of another; or (b) Actual, intentional and unlawful touching or striking of another person against the will of the other; or (c) Unlawfully and intentionally causing bodily harm to an individual." Idaho Code Section 18-923(1) provides that "any person who willfully and unlawfully chokes or attempts to strangle a household member, or a person with whom he or she has or had a dating relationship, is guilty of a felony punishable by incarceration for up to fifteen (15) years in the state prison."

In denying Moffat's motion to dismiss the attempted strangulation charge, the district court applied the *Blockburger* test and determined that Moffat's prosecution for attempted strangulation did not place him in double jeopardy in violation of his rights under the United States Constitution. Specifically, the district court concluded that, based upon a review of the relevant statutes, "the crimes of domestic battery and attempted strangulation constitute two

separate offenses, each containing elements the other does not." In reaching this conclusion, the district court reasoned:

> In order to be guilty of domestic battery, the defendant must commit a battery as defined in Idaho Code § 18-903, upon a household member. Attempted strangulation on the other hand, requires that a defendant willfully and unlawfully choke or attempt to strangle a household member or a person with whom they have a dating relationship. The crime of domestic battery requires that the defendant use unlawful and willful force against a household member, or actual, intentional and unlawful touching or striking of a household member against their will, or the unlawful and intentional causing of bodily harm against a household member. The crime of domestic violence does not contain the element of choking or attempting to strangle a household member. In addition, a defendant could not be convicted of domestic battery if they only maintained a dating relationship with the victim. A conviction for attempted strangulation can be accomplished if the victim is a household member or in a dating relationship with the defendant. The crime of attempted strangulation does not require, as an element of the crime, a willful and unlawful use of force or violence, or actual, intentional and unlawful touching or striking of a household member against their will, or the unlawful and intentional causing of a bodily injury to a household member.

(Footnotes omitted.) Moffat argues that the district court erred in applying the *Blockburger* test.

As the district court recognized, the attempted strangulation statute contains an element that the misdemeanor domestic battery statute does not--that the defendant chokes or attempts to strangle. However, we disagree with the district court's determination that the misdemeanor domestic battery statute contains an element that attempted strangulation does not. The district court reasoned that, because attempted strangulation does not require, as an element of the crime, a battery as defined in I.C. § 18-903, there was no double jeopardy violation. As noted above, pursuant to I.C. § 18-903, "a battery is any: (a) Willful and unlawful use of force or violence upon the person of another; or (b) Actual, intentional and unlawful touching or striking of another person against the will of the other; or (c) Unlawfully and intentionally causing bodily harm to an individual." In this situation, where a statute is written in the alternative, *Whalen v. United States*, 445 U.S. 684, 693-94 (1980) suggests that a court must narrow the statute to be analyzed until it includes only the alternatives relevant to the case at hand.[1] Idaho Code Section

---

[1] The district court also emphasized that a defendant could not be convicted of misdemeanor domestic battery if he or she only maintained a dating relationship with the victim while a conviction for attempted strangulation could be accomplished if the victim was a household member or in a dating relationship with the defendant. However, this distinction is of

4

18-903(c) cannot be the basis for a misdemeanor domestic battery conviction because misdemeanor domestic battery requires that the battery committed not result in traumatic injury, which is defined as a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by physical force. I.C. § 18-918(1)(b). Thus, the only definitions of battery relevant to this case are those described in I.C. § 18-903(a) and (b)--willful and unlawful use of force or violence upon the person of another; or actual, intentional and unlawful touching or striking of another person against the will of the other. It is impossible to commit the attempted strangulation without committing misdemeanor domestic battery. The attempted strangulation statute requires proof of willful and unlawful choking or an attempt to strangle. These acts necessarily constitute battery as defined in I.C. § 18-903(a) or (b). Therefore, the misdemeanor domestic battery statute does not contain an element that attempted strangulation does not. Accordingly, misdemeanor domestic battery and attempted strangulation constitute one offense under the *Blockburger* test.[2]

Having determined that the Double Jeopardy Clause is implicated under the legal analysis of *Blockburger*, we must make the factual inquiry of whether Moffat's crimes were part of one continuing event or transaction. The state argues that Moffat has failed to demonstrate his attempted strangulation charge was predicated on the same act as his misdemeanor domestic battery charge. Specifically, the state reasons that, because the initial police report indicates that Moffat grabbed his girlfriend by the hair, grabbed her around the throat, threw her around the

___

no consequence for purposes of the *Blockburger* analysis in this case. We have already acknowledged that the attempted strangulation statute contains an element that the misdemeanor domestic battery statute does not--that the defendant chokes or attempts to strangle. Even if the alternative victim--one in a dating relationship with the defendant--could be considered an element required by the attempted strangulation statute, that only demonstrates that the attempted strangulation statute requires proof of another element that the misdemeanor domestic battery statute does not.

[2]     We note that the Idaho Supreme Court has analyzed potential violations of the Double Jeopardy Clause of the Idaho Constitution using a different set of criteria than violations of the Double Jeopardy Clause of the United States Constitution. *See State v. Flegel,* 151 Idaho 525, 529, 261 P.3d 519, 523 (2011); *Corbus*, 151 Idaho at 374, 256 P.3d at 782. However, because we determine that misdemeanor domestic battery and attempted strangulation constitute one offense under the *Blockburger* test, we need not determine whether Moffat's rights under the Double Jeopardy Clause of the Idaho Constitution were violated.

room and into objects, and pushed her to the ground during their dispute on May 9, 2010, and the citation issued to Moffat charging him with misdemeanor domestic battery did not specify which act constituted the offense, Moffat has not shown that his conviction for misdemeanor domestic battery was not based on acts other than grabbing his girlfriend's throat during that dispute.

In *Brown*, 432 U.S. at 169, the United States Supreme Court addressed whether the Double Jeopardy Clause of the Fifth Amendment barred prosecution and punishment for the crime of auto theft following prosecution and punishment for joyriding. The Ohio Court of Appeals had determined that, under Ohio law, the misdemeanor of joyriding was included in the felony of auto theft by analyzing the elements of the offenses. Nonetheless, the Ohio Court held the second prosecution was permissible because it determined the two prosecutions were based on two separate acts--the auto theft which occurred on November 29 and joyriding in the same auto which occurred nine days later. The Ohio Court concluded that, since the appellant had not shown that both prosecutions were based on the same act or transaction, the second prosecution was not barred by the Double Jeopardy Clause.

Applying the *Blockburger* test, the United States Supreme Court first agreed with the Ohio Court that joyriding and auto theft constituted the same statutory offense within the meaning of the Double Jeopardy Clause. *Brown*, 432 U.S. at 168. However, the Court concluded:

> After correctly holding that joyriding and auto theft are the same offense under the Double Jeopardy Clause, the Ohio Court of Appeals nevertheless concluded that Nathaniel Brown could be convicted of both crimes because the charges against him focused on different parts of his 9-day joyride. We hold a different view. The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units. The applicable Ohio statutes, as written and as construed in this case, make the theft and operation of a single car a single offense. Although the Wickliffe and East Cleveland authorities may have had different perspectives on Brown's offense, it was still only one offense under Ohio law. Accordingly, the specification of different dates in the two charges on which Brown was convicted cannot alter the fact that he was placed twice in jeopardy for the same offense in violation of the Fifth and Fourteenth Amendments.

*Id*. at 169-70 (citation and footnote omitted).

Consistent with the *Brown* analysis, it is generally held that when a person commits multiple acts against the same victim during a single criminal episode and each act could

6

independently support a conviction for the same offense, for purposes of double jeopardy the "offense" is typically the episode, not each individual act. *People v. Berner*, 600 P.2d 112, 113 (Colo. App. 1979) (two blows delivered to the same person within a short period of time held to be part of the same offense when both "were part of a single criminal transaction arising from a single impulse"); *Hayes v. State*, 803 So. 2d 695, 701-04 (Fla. 2001) (robbery of multiple items in victim's home constituted single offense of robbery; subsequent theft of car in garage constituted separate crime of grand theft); *People v. Wilson*, 417 N.E.2d 146, 147 (Ill. App. Ct. 1981) (multiple blows delivered to the same victim held to constitute a single offense, and thus could not support separate convictions for attempted murder and aggravated battery); *Weatherly v. State*, 733 P.2d 1331, 1336-38 (Okla. Crim. App. 1987) (holding defendant could be charged with two counts of battery stemming from two successive attacks, but could not be charged for each time defendant stabbed the victim during the two attacks); *State v. Perrillo*, 649 A.2d 1031, 1033 (Vt. 1994) ("The better approach, consistent with legislative intent, is to view the episode as the offense.").

Here, as explained above, we conclude that misdemeanor domestic battery and attempted strangulation constitute one offense under the *Blockburger* test. We also conclude that an attempt to separate Moffat's grabbing of his girlfriend's hair and throwing her around the room and into objects and pushing her to the ground from grabbing her throat during the same dispute is an impermissible attempt, even more pronounced than the attempt made in *Brown*, to divide a single crime into a series of temporal or spatial units to avoid double jeopardy limitations. Thus, as in *Brown*, such an attempt must be rejected and cannot alter that Moffat was placed twice in jeopardy for the same offense in violation of his right to be free from double jeopardy under the United States Constitution.

### III.

### CONCLUSION

Misdemeanor domestic battery and attempted strangulation constitute one offense under *Blockburger*. Convicting and punishing Moffat for both offenses in consecutive prosecutions was a violation of Moffat's right to be free from double jeopardy under the United States Constitution. Thus, the district court erred by denying Moffat's motion to dismiss the attempted strangulation charge and we vacate Moffat's judgment of conviction for attempted strangulation.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**

7