IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42247

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 531 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 24, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PATRICK EARL SUTTLE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order denying motion to correct illegal sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Patrick Earl Suttle appeals from the district court's order denying his Idaho Criminal Rule 35(a) motion to correct an illegal sentence. We affirm.

## I.

## BACKGROUND

In 2009 Suttle pleaded guilty to attempted strangulation, Idaho Code § 18-923, and misdemeanor battery, I.C. § 18-903(c). The district court imposed a unified ten-year sentence with a three-year determinate term for attempted strangulation and a concurrent 180-day jail sentence for battery, suspended the sentences, and placed Suttle on probation. Less than two years later, the court found Suttle had violated his probation. The district court reinstated his probation with additional conditions. In 2013, Suttle admitted to again violating several terms of

the probation, and the district court consequently revoked probation and ordered execution of the original sentences.

In 2014, Suttle filed an I.C.R. 35(a) motion to correct an illegal sentence, contending that misdemeanor battery is a lesser included offense of attempted strangulation and that imposition of sentences for both violated his right to be free from double jeopardy. Suttle sought to vacate his sentence for attempted strangulation. The district court denied the motion, concluding that the information showed that the two offenses were predicated on different acts and that the strictures on a Rule 35(a) inquiry precluded factual inquiry into whether the offenses were part of one continuing event or transaction.[1] Suttle appeals.

## II.

## ANALYSIS

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, Section 13 of the Idaho Constitution both provide that no person shall be twice put in jeopardy for the same offense. They afford a defendant three basic protections: protection against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001). It is the third of these that is at issue in this case. Suttle's contention that his multiple sentences violate constitutional protections against double jeopardy presents questions of law over which we exercise free review. *State v. Moad*, 156 Idaho 654, 658, 330 P.3d 400, 404 (Ct. App. 2014); *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000).

A claim that an illegal sentence has been imposed in violation of double jeopardy may be brought pursuant to an I.C.R. 35(a) motion. *See State v. McKinney*, 153 Idaho 837, 841, 291 P.3d 1036, 1040 (2013). The scope of inquiry under the rule is, however, strictly limited. Idaho Rule 35(a) expressly allows relief from sentences that are "illegal from the face of the record." Our Supreme Court has made clear that under the rule a trial court cannot examine the underlying facts of a crime to which a defendant pled guilty to determine if the sentence is illegal. *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015); *State v. Clements*, 148 Idaho

---

[1] The district court further stated that even if double jeopardy were implicated, the court would vacate the misdemeanor sentence and not the felony. While we need not reach the issue here, we note that Suttle has cited no authority giving to the defendant the option of which sentence to vacate.

82, 84-87, 218 P.3d 1143, 1145-48 (2009). Under the rule, an "illegal sentence" is one that is illegal from the face of the record, does not involve significant questions of fact, and does not require an evidentiary hearing. *Id.* at 86, 218 P.3d at 1147. A trial court's review of a transcript of a court proceeding to determine the legality of a sentence has been held to be error as in excess of the court's authority under Rule 35. *Clements*, 148 Idaho at 87-88, 218 P.3d at 1148-49. In short, Rule 35(a) inquiries must involve only questions of law--they may not include significant factual determinations to resolve the merits of the claim. *Wolfe*, 158 Idaho at 65, 343 P.3d at 507.

Suttle first contends that imposition of multiple sentences violate the Idaho Constitution's double jeopardy prohibition. The Idaho Supreme Court has analyzed potential violations of the Double Jeopardy Clause of the Idaho Constitution using a different set of criteria than violations of the Double Jeopardy Clause of the United States Constitution. *McKinney*, 153 Idaho at 841, 291 P.3d at 1040; *State v. Thompson*, 101 Idaho 430, 434-35, 614 P.2d 970, 974-75 (1980); *Moad*, 156 Idaho at 658 n.3, 330 P.3d at 404 n.3. Idaho applies a pleading theory to determine whether a violation of the Idaho Double Jeopardy Clause had occurred. *Thompson*, 101 Idaho at 433-35, 614 P.2d at 973-75. Under the pleading theory, as laid out in *Thompson*, a lesser included offense is one "alleged in the information as a means or element of the commission of the higher offense." *Id.* at 434, 614 P.2d at 974. *See also McKinney*, 153 Idaho at 841, 291 P.3d at 1040; *Moad*, 156 Idaho at 658 n.3, 330 P.3d at 404 n.3. Because the pleading theory relies on an examination of the charging information, it generally provides a broader definition of greater and lesser included offenses than does the federal statutory elements test set out in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *Thompson*, 101 Idaho at 433-34, 614 P.2d at 973-74; *Moad*, 156 Idaho at 658, 330 P.3d at 404; *State v. Corbus*, 151 Idaho 368, 373, 256 P.3d 776, 781 (Ct. App. 2011).

Suttle's claim of a violation under the Idaho Constitution fails on the merits. The information in this case stated:

COUNT I

That the Defendant, PATRICK E. SUTTLE, on or about the 10th day of March, 2009, in the County of Ada, State of Idaho, did willfully and unlawfully choke or attempt to strangle the person of [victim], to-wit: by placing his hands around [victim's] neck and squeezing, and where [victim] and the Defendant are household members or have had a dating relationship.
. . . .

3

COUNT IV

That the Defendant, PATRICK E. SUTTLE, on or about the 10th day of March, 2009, in the County of Ada, State of Idaho, did unlawfully and intentionally cause bodily harm, to-wit: by causing bruising on [victim's] arms, face, and contusions to [victim's] head.

These allegations show that the crimes were predicated on separate and different acts and that the misdemeanor battery charge was thus not the means or element of the commission of the greater attempted strangulation offense. No multiple punishment double jeopardy violation under the Idaho Constitution has been shown.

Suttle next contends that imposition of multiple sentences violates the United States Constitution's double jeopardy prohibition. Determining whether a defendant's prosecution or conviction and punishment for two offenses violates the Fifth Amendment's Double Jeopardy Clause requires application of the test set out in *Blockburger*. Under that analysis, courts initially look to the statutory elements of the offenses to ascertain whether two offenses are involved, or only one. If the statutory definition of each crime requires proof of an additional element that the other does not, they constitute separate offenses. *Id.* If two offenses have been determined to be a single offense under this *Blockburger* test, then convicting and punishing a defendant for both is a violation of the Double Jeopardy Clause. *Brown v. Ohio*, 432 U.S. 161, 168-69 (1977); *Moad*, 156 Idaho at 658, 330 P.3d at 404.

This Court has previously determined that under the *Blockburger* test the crime of misdemeanor battery as defined in I.C. § 18-903(a) or (b) is a lesser included offense of attempted strangulation. *See State v. Moffat*, 154 Idaho 529, 532, 300 P.3d 61, 64 (Ct. App. 2013). However, even if the same holds true for misdemeanor battery as defined in I.C. § 18-903(c), with which Suttle was charged, that does not end the inquiry. It cannot be determined whether a defendant's right to be free from double jeopardy has been violated solely by looking at the statutes involved, for if the offenses are predicated upon different acts, at different times, in different places, or against different victims, a defendant is not twice punished for the "same offense." Two offenses based on different acts *can*, however, be the same offense, for it is generally held that when a person commits multiple acts against the same victim during a single criminal episode and each act could independently support a conviction for the same offense, for purposes of double jeopardy the "offense" is typically the episode, not each individual act. *Brown*, 432 U.S. at 169-70; *Moad*, 156 Idaho at 659-60, 330 P.3d at 405-06; *Moffat*, 154 Idaho at

4

533, 300 P.3d at 65. Thus, to determine whether the federal double jeopardy prohibition has been violated, it is necessary to determine whether the charges are for distinct crimes rather than inseparable parts of a single criminal episode. Here, the information reveals that the two crimes were alleged to have occurred on the same day against the same victim, but the pleading does not disclose whether they were inseparable parts of a single criminal episode. Thus, one cannot determine from the pleadings that the crimes are the "same offense" for double jeopardy purposes. It follows that a factual inquiry is necessary to determine whether the crimes were part of one continuing event or transaction. *Moad*, 156 Idaho at 659-60, 330 P.3d at 405-06; *Moffat*, 154 Idaho at 532, 300 P.3d at 64.

This need for a factual inquiry defeats Suttle's Rule 35 motion to correct an illegal sentence. In an attempt to show that his crimes were part of one continuing event or transaction, Suttle relies on reports and statements in his presentence investigation report. But as noted above, our Supreme Court has directed that such a factual inquiry cannot be made on a motion bought under I.C.R. 35(a). Under the strictures of a Rule 35(a) inquiry, Suttle has not shown that his sentences violate the Fifth Amendment's Double Jeopardy Clause.

Accordingly, the district court's order denying Suttle's motion for relief from an illegal sentence is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**