# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48951

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 27, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| CURTIS EUGENE LEE, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment of conviction and concurrent, unified sentences of fifteen years with five years determinate for two counts of sexual battery of a minor child sixteen or seventeen years of age, affirmed in part, vacated in part, and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

A jury convicted Curtis Eugene Lee of two counts of sexual battery of a minor child sixteen or seventeen years of age, Idaho Code § 18-1508A (2006).[1] On appeal, Lee argues that his convictions and punishments for two counts of sexual battery violate the prohibitions against double jeopardy and that the district court abused its discretion in sentencing him to concurrent, unified sentences of fifteen years with five years determinate for each count. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

---

[1] The legislature amended Idaho Code § 18-1508A effective July 2022. In resolving Lee's appeal, we rely on the version of the statute in effect in when the State charged Lee.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2020, the State charged Lee with two counts of sexual battery for soliciting a sixteen-year-old to participate in a sexual act. The case proceeded to a jury trial at which the victim testified. According to the victim's testimony, he had parked his vehicle at a public park, exited the vehicle, and was waiting for friends when Lee approached. Lee said "hi," and stated he was going to the bathroom. The victim responded, "Oh, okay." Lee then stated, "if you go to the bathroom, you'll get head"; "you'll get a blow job if you go in the bathroom"; "so you should check it out"; and "so just come check it out." To each of these statements, the victim generally responded "okay." The victim testified that during this exchange with Lee, the victim was "in shock" and assumed Lee was referring to "oral sexual activity," "was meeting people in the bathroom to do these things," and was telling the victim he could join.

As Lee walked toward the bathroom, the victim noticed Lee's "pants were very loose," and the victim observed Lee twice drop items, bend down to pick them up, and expose "about half" of his buttocks. Once Lee reached the bathroom, he made eye contact with the victim, gestured for him to follow Lee, using "a beckoning motion," and then "turned and went around the corner of the bathroom." At that point, the victim returned to his vehicle. About three to five minutes later, the victim looked in his rearview mirror and saw Lee, who had reemerged from the bathroom; "turned around to look at [Lee] through the back window" of the vehicle; and "observed him smiling and repeating the same beckoning motion as he did before."

At the close of evidence, Lee moved to strike one of the two counts, arguing the evidence showed "one continuing course of conduct," which did not provide "a basis for two separate counts." The State responded that because Lee "reemerged [from the bathroom] after three to five minutes and again resolicited the victim by beckoning him," the evidence showed "two distinct instances of solicitation." The district court construed Lee's motion as one to dismiss and denied the motion, ruling that the jury could find "two separate instances of solicitation" because "there was a three to five minute break between the verbal request and a hand motion."

Before the jury's deliberations, the district court instructed the jury to consider each count separately in Instruction No. 12:

> Each count charges a separate and distinct offense. You must decide each count
> separately on the evidence and the law that applies to it, uninfluenced on your

2

decision as to any other count. The defendant may be found guilty or not guilty on either or both of the offenses charged.

*See* ICJI 110. During closing arguments, the State argued that the first act of solicitation occurred when Lee stated to the victim "if you go to the bathroom, you'll get head," and that a second act occurred when Lee "reappears" after "three to five minutes" and beckons the victim "as if to say, check it out." During deliberations, the jury sent a question to the district court and inquired, "Can we consider the events from the first count as evidence for the second count or is just the 'beceking' [sic] the only evidence for the second count?" The court responded that "you may consider any evidence admitted in the trial to determine if the State has proven each element of the charged counts" and that "you must decide each count separately as set forth in Instruction No. 12."

The jury convicted Lee of both counts of sexual battery. During sentencing, the district court imposed a unified term of fifteen years with five years determinate on each count, ordered the sentences to run concurrently, and retained jurisdiction. Lee timely appeals.

## II.

## ANALYSIS

### A. Double Jeopardy

Lee argues his convictions and sentences for two counts of sexual battery violate the constitutional prohibitions against double jeopardy.[2] The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Clause affords a defendant three basic protections: It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001). Whether a defendant's prosecution complies with the constitutional protections against

---

[2]    In support of his argument that his convictions and sentences on both counts violate the constitutional prohibitions against double jeopardy, Lee cites both the Idaho Constitution and the United States Constitution. He does not assert, however, that the Idaho Constitution provides any broader protection against double jeopardy than the United States Constitution. Therefore, we analyze Lee's argument under the United States Constitution. *See State v. Talavera*, 127 Idaho 700, 703, 905 P.2d 633, 636 (1995) (analyzing argument under United States Constitution where appellant does not argue Idaho Constitution provides greater protection).

double jeopardy is a question of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000).

At issue in this case is whether Lee's convictions and sentences for two counts of sexual battery subject him to multiple criminal punishments for the same offense. Generally, a two-part analysis applies to determine whether the Double Jeopardy Clause bars multiple punishments for the same offense. First, the *Blockburger*[3] test addresses the statutory provisions at issue. This test provides:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there have been two offenses or only one for double jeopardy purposes is whether each statutory provision requires proof of an additional fact which the other does not.

*State v. Moffat*, 154 Idaho 529, 531, 300 P.3d 61, 63 (Ct. App. 2013). If two offenses are determined to be one offense under the *Blockburger* test, then convicting and punishing the defendant for both offenses may be a double jeopardy violation. *Id.* If the two offenses actually constitute a single offense under the *Blockburger* test, then the court conducts a second analysis, which is a factual inquiry to determine whether the defendant's criminal conduct was "part of one continuing event or transaction" constituting a single violation or "two separate acts" constituting two violations and allowing for punishment of each separate act. *Id.* at 532-33, 300 P.3d at 64-65.

This Court applied this two-part analysis in *Moffat* to determine whether Moffat's convictions under two separate criminal statutes violated the Double Jeopardy Clause. *Id.* at 531-34, 300 P.3d at 63-66. In that case, "Moffat grabbed [his girlfriend] by the hair, grabbed her around the throat, threw her around the room, pushed her into objects, and pushed her to the ground." *Id.* at 530, 300 P.3d at 62. An arresting officer cited Moffat for misdemeanor domestic battery, and Moffat pled guilty to this charge. *Id.* Subsequently, the State charged Moffat with attempted strangulation based on the same incident. *Id.* Moffat moved to dismiss this subsequent charge, arguing it violated the prohibitions against double jeopardy. *Id.* The district court denied the motion. *Id.*

On appeal in *Moffat*, this Court analyzed whether the domestic battery and attempted strangulation charges constituted a single offense under the *Blockburger* test. The Court concluded that "the attempted strangulation statute contains an element that the misdemeanor domestic battery statute does not" but that the domestic battery statute does not contain any element not

---

[3]     *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).

4

already contained in the attempted strangulation statute. *Id.* at 532, 300 P.3d at 64. As a result, the Court concluded, "It is impossible to commit the attempted strangulation without committing misdemeanor domestic battery." *Id.* In other words, domestic battery was a lesser-included offense of attempted strangulation in *Moffat*.

Because these crimes constituted a single offense, the Court next considered whether factually Moffat's conduct was "part of one continuing event or transaction" or "two separate acts." *Id.* at 532-33, 300 P.3d at 64-65. It concluded Moffat's conduct constituted a single event. *Id.* at 534. In support, the Court reasoned:

> [A]n attempt to separate Moffat's grabbing of his girlfriend's hair and throwing her around the room and into objects and pushing her to the ground from grabbing her throat during the same dispute is an impermissible attempt . . . to divide a single crime into a series of temporal or spatial units to avoid double jeopardy limitations.

*Id.* at 534, 300 P.3d at 66; *see also Brown v. Ohio*, 432 U.S. 161, 169 (1977) ("The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units."). Accordingly, the Court concluded Moffat's conviction for attempted strangulation violated the Double Jeopardy Clause and vacated that conviction. *Id.*

In this case, the application of the *Blockburger* test to determine whether the statutory provisions of the offenses are the same is unnecessary because Lee's two offenses are charged under the same statute, I.C. § 18-1508A. As relevant here, this statute provides it is unlawful for any person to solicit a minor child of sixteen or seventeen years of age to participate in a sexual act "with the intent of arousing, appealing to or gratifying the lust, passion, or sexual desires of such person [or] minor child." I.C. § 18-1508A(1)(b). Under this provision, "'solicit' means any written, verbal or physical act which is intended to communicate to such minor child the desire of the actor . . . to participate in a sexual act." I.C. § 18-1508A(2). Because Lee's two convictions arise under the same statute, the relevant inquiry is whether his criminal conduct constituted "one continuing event" or "two separate acts." *Moffat*, 154 Idaho at 532-33, 300 P.3d at 64-65.

Lee argues that his actions "constitute one, indivisible course of conduct [that was] not spatially or temporally separated and [was] performed in response to a single criminal impulse"; "the second 'beckoning' motion was part of the initial, sexually-themed conversation [that] simply could not be a stand-alone crime where the charged act is unattached to any sexual intent"; and the State's separation of "multiple gestures during the same continuing incident" violated the

5

prohibitions against double jeopardy. In response, the State argues "the first solicitation included a single 'episode' in which there were several 'acts' of solicitation." Specifically, the State asserts the "acts" of solicitation for the first offense included: (1) "telling the victim that if he went to the bathroom he would 'get head'"; (2) "telling the victim he would 'get a blow job' if he went in the bathroom"; (3) "twice inviting the victim to 'check it out'"; (4) "twice exposing part of [Lee's] buttocks as he walked toward the restrooms"; and (5) "gesturing for the victim to join [Lee]." The State further asserts that, when this conduct "did not lure the victim into the bathroom," Lee "solicited [the victim] [again] by gestur[ing] a second time," resulting in separate offense of sexual battery.

We conclude that Lee's criminal conduct constituted "one continuing event" and that convicting and punishing him twice for this conduct violates the prohibitions against double jeopardy. Proof of each count of sexual battery against Lee required the State to show--for each count--that he solicited the victim to participate in a sexual act with sexual intent. *See* I.C. § 18-1508A(1)(b) (prohibiting solicitation of minor to participate in sexual act with intent to arouse, appeal to, or gratify lust, passion, or sexual desires). That Lee gestured toward the victim beckoning him to the bathroom after remerging from the bathroom does not establish each element of the crime of sexual battery. Standing alone, this conduct only shows a solicitation; it does not show either Lee's sexual intent or the proposed sexual act. Rather, the jury could only determine those facts by relying on Lee's earlier conduct before entering the bathroom. Focusing solely on Lee's solicitous acts for purposes of analyzing whether he committed a single or multiple sexual batteries improperly attempts "to divide a single crime into a series of temporal or spatial units to avoid double jeopardy limitations." *See Moffat*, 154 Idaho at 534, 300 P.3d at 66 (prohibiting dividing single crime into series of temporal or spatial units); *see also Brown*, 432 U.S. at 169 (same).

The State's reliance on *State v. Bush*, 131 Idaho 22, 951 P.2d 1249 (1997), and *State v. Grinolds*, 121 Idaho 673, 827 P.2d 686 (1992), on appeal to avoid double jeopardy is misplaced. In both of those cases, the Idaho Supreme Court concluded the defendants' criminal conduct constituted separate, distinct and independent crimes, and their multiple convictions and punishments did not violate the Double Jeopardy Clause. In *Bush*, a jury convicted Bush of lewd conduct with a minor under sixteen for conduct occurring on a bed and of an infamous crime against nature for conduct occurring on a couch immediately after the conduct on the bed. *Bush*,

131 Idaho at 26-27, 951 P.2d at 1253-54. Rejecting Bush's double jeopardy challenge, the Court concluded that the facts "demonstrate[d] that there were two separate and distinct sexual assaults committed" on the minor. *Id.* at 34, 951 P.2d at 1261.

In *Grinolds*, the jury convicted Grinolds of two counts of rape based on evidence that "Grinolds had intercourse with the girl in the bedroom, then left the bedroom and went to the living room for an unspecified period of time, and then returned to the bedroom and again engaged in sexual intercourse with the girl." *Grinolds*, 121 Idaho at 675, 827 P.2d at 688. Rejecting Grinolds' double jeopardy challenge, the Court concluded that substantial evidence in the record supported the jury's finding "that there were two separate and distinct acts of rape. *Id.*

This case is distinguishable from *Bush* and *Grinolds*. In those cases, even if the criminal conduct supporting the first count in both of those cases were entirely excluded from consideration, the jury could have still found the defendant guilty of the second count because the facts related to that second count were sufficient to support an independent criminal conviction. In this case, however, if the conduct which the State acknowledges supports the first sexual battery--including Lee's comments and actions before entering the bathroom--were excluded, the only conduct remaining is his beckoning gesture after he reemerges from the bathroom. That conduct alone does not establish a sexual battery. Moreover, the State's argument that "the parallels between [*Bush* and *Grinolds*] and this [case] are plain as they all represent a temporal gap between the completion of the first crime and the initiation of a new one" fails. As both the United States Supreme Court and this Court have ruled, the State may not divide a single crime "into a series of temporal or spatial units" to avoid double jeopardy. *Brown*, 432 U.S. at 169; *Moffat*, 154 at 534, 300 P.3d at 66. Accordingly, Lee's second conviction and sentence for sexual battery after he emerged from the bathroom violated the prohibitions against double jeopardy.

**B.      Sentencing**

Lee also challenges the district court's sentence as excessive, and we address this argument as it relates to his sentence for sexual battery under the first count. Sentencing is a matter for the trial court's discretion. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of

confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

On appeal, Lee acknowledges his sentence is within statutory limits for sexual battery of a minor child sixteen or seventeen years of age. *See* I.C. § 18-1508A(5) (2006) (providing a maximum prison sentence of twenty-five years); *State v. McIntosh*, 160 Idaho 1, 8, 368 P.3d 621, 628 (2016) (providing that a sentence within limits prescribed by statute ordinarily will not be considered an abuse of discretion). Nevertheless, Lee contends his sentence "is excessive considering any view of the facts." Specifically, he argues that if "the district court [had] considered his remorse, community support, and excellent employment history, it would have imposed less severe sentences."

The record, however, shows the district court did consider these mitigating factors. For example, the court recognized Lee was "successfully employed for a long period of time" and he expressed remorse by acknowledging his conduct "could be deemed solicitation." The court also noted, however, that Lee attempted to rationalize and make excuses for his conduct and denied his conduct to a presentence evaluator. Further, the court identified the correct legal standards, recognized the decision was discretionary, acted within the boundaries of discretion, and exercised reason in imposing Lee's sentence. Based on an independent review of the record, we conclude the district court did not abuse its discretion in sentencing Lee to a unified term of fifteen years with a determinate term of five years for the first count of sexual battery.

### III.
### CONCLUSION

The district court erred in denying Lee's motion to dismiss the second count of sexual battery based on his beckoning gesture after he reemerged from the bathroom. The court, however, did not abuse its discretion in sentencing Lee for his conviction on the first count of sexual battery. Accordingly, we affirm Lee's sentence related to the first count of sexual battery, vacate his judgment of conviction on the second count, and remand for the entry of an amended judgment of conviction consistent with this opinion.

Judge GRATTON and Judge HUSKEY **CONCUR**.