# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51611

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

HUDSON JAMES KNEPPE,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: November 21, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Eric J. Wildman, District Judge.

Judgment of conviction for felony eluding a police officer, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Hudson James Kneppe appeals from his judgment of conviction for felony eluding a police officer. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Kneppe led city police on a high-speed chase. Kneppe eluded them, prompting the officers to suspend their chase. For a brief period following this, city police did not know Kneppe's location and waited at his residence to apprehend him. Later, county deputies pursued Kneppe in a second high-speed chase, leading to Kneppe being arrested and taken to jail. Kneppe was charged with misdemeanor eluding a police officer. The State also charged Kneppe with felony eluding a police officer. Kneppe pled guilty to the misdemeanor charge (I.C. § 49-1404(1)) and

1

was sentenced. He moved to dismiss the felony eluding a police officer charge, asserting that the pleading documents in the misdemeanor and felony cases charged the "same offense" for double jeopardy purposes and that his conviction for the misdemeanor barred the State from a second prosecution for the felony. The district court denied Kneppe's motion to dismiss at a pretrial conference, finding that his initial act of eluding from the city police and the later act of eluding from county deputies were "separate and distinct" acts. Following the district court's denial of the motion, Kneppe entered a conditional plea of guilty to felony eluding a police officer (I.C. § 49-1404(2)), reserving his right to appeal the district court's double jeopardy ruling. Kneppe appeals.[1]

## II.

## STANDARD OF REVIEW

Whether a defendant's prosecution complies with the constitutional protection against being twice placed in jeopardy is a question of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000).

## III.

## ANALYSIS

Kneppe asserts the district court erred in denying his motion to dismiss. He argues that his constitutional right to be free from double jeopardy was violated by the State seeking convictions for both misdemeanor and felony eluding a police officer for what he claims was one continuous event. The State responds that there is no constitutional violation with respect to the two eluding charges because the charges were based on two separate incidents of eluding. We hold that Kneppe has failed to show the district court erred in denying his motion to dismiss upon concluding that the eluding charges were based on separate criminal acts.

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."[2] The Clause affords

---

[1]      Kneppe also pled guilty to driving under the influence; he does not challenge this judgment of conviction on appeal.

[2]      We initially note that Kneppe does not claim that the Double Jeopardy Clause of the Idaho Constitution provides any broader protection than that of the United States Constitution.

a defendant three basic protections. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001).

At issue in this case is whether Kneppe's convictions for felony eluding a police officer and misdemeanor eluding a police officer subject Kneppe to a second prosecution after conviction for the same offense. Generally, a two-part analysis applies to determine whether the Double Jeopardy Clause bars multiple punishments for the same offense. First, in addressing the statutory provisions at issue in this case, we utilize the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). This test provides that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there have been two offenses or only one for double jeopardy purposes is whether each statutory provision requires proof of an additional fact which the other does not. *Id.*; *State v. Moffat*, 154 Idaho 529, 531, 300 P.3d 61, 63 (Ct. App. 2013). The second step of the analysis requires a factual inquiry into whether the criminal conduct was part of one continuing event or two separate acts. *State v. Lee*, 172 Idaho 106, 109, 529 P.3d 771, 774 (Ct. App. 2023).

Under the Double Jeopardy protections of the Idaho Constitution, courts follow the "pleading theory" to determine whether one count is a lesser-included offense of another, and thus whether a defendant is being charged twice for the same offense. *State v. Thompson*, 101 Idaho 430, 433-35, 614 P.2d 970, 973-75 (1980). Under this pleading theory, a court must consider whether the terms of the charging document allege that both offenses arose from the same factual circumstances such that one offense was the means by which the other was committed. *Id.* at 435, 614 P.2d at 975; *State v. Moad*, 156 Idaho 654, 658, 330 P.3d 400, 404 (Ct. App. 2014).

This Court applied the two-part *Blockburger* analysis in *Moffat* to determine whether the defendant's convictions under two separate criminal statutes violated the Double Jeopardy Clause. *Moffat*, 154 Idaho at 531-34, 300 P.3d at 63-66. In that case, the defendant grabbed his girlfriend

Therefore, we will analyze this claim under the Double Jeopardy provisions of the United States Constitution. *See State v. Talavera*, 127 Idaho 700, 703, 905 P.2d 633, 636 (1995) (holding that the Double Jeopardy Clause of the Idaho Constitution provides as broad of a protection as the United States Constitution).

"by the hair, grabbed her around the throat, threw her around the room, pushed her into objects, and pushed her to the ground." *Id.* at 530, 300 P.3d at 62. An arresting officer cited the defendant for misdemeanor domestic battery, and he pled guilty to this charge. Subsequently, the State charged the defendant with attempted strangulation based on the same incident. The defendant moved to dismiss this subsequent charge, arguing it violated the prohibitions against double jeopardy. The district court denied the motion. *Id.*

On appeal in *Moffat*, this Court analyzed whether the domestic battery and attempted strangulation charges constituted a single offense under the *Blockburger* test. This Court concluded that "the attempted strangulation statute contains an element that the misdemeanor domestic battery statute does not" but that the domestic battery statute does not contain any element not already included in the attempted strangulation statute. *Moffat*, 154 Idaho at 532, 300 P.3d at 64. As a result, we concluded that "it is impossible to commit the attempted strangulation without committing misdemeanor domestic battery." *Id.* In other words, in *Moffat* we held that domestic battery was a lesser-included offense of attempted strangulation.

Because we held that the crimes constituted a single offense, we next considered whether the defendant's conduct was factually "part of one continuing event or transaction" or "two separate acts." *Id.* at 532-33, 300 P.3d at 64-65. We concluded the defendant's conduct constituted a single event. *Id.* at 534, 300 P.3d at 66. In support, this Court reasoned that an attempt to separate the defendant's grabbing of his girlfriend's hair and throwing her around the room and into objects and pushing her to the ground from grabbing her throat during the same dispute was "an impermissible attempt" to "divide a single crime into a series of temporal or spatial units to avoid double jeopardy limitations." *Id.*; *see Brown v. Ohio*, 432 U.S. 161, 169 (1977) (holding that the Double Jeopardy Clause "is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units"). Accordingly, we held the defendant's conviction for attempted strangulation violated the Double Jeopardy Clause. *Moffat*, 154 Idaho at 534, 300 P.3d at 66.

In this case, the application of the *Blockburger* test to determine whether the statutory provisions of the offenses are the same is similar to *Moffat* because misdemeanor eluding is an included offense of felony eluding pursuant to I.C. § 49-1404. The statute reads, in relevant part:

(1)     Any driver of a motor vehicle who willfully flees or attempts to elude a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by a peace officer may be by emergency lights or siren. The signal given by a peace officer by emergency lights or siren need not conform to the standards for decibel ratings or light visibility specified in section 49-623(3), Idaho Code. It is sufficient proof that a reasonable person knew or should have known that the visual or audible signal given by a peace officer was intended to bring the pursued vehicle to a stop.

(2)     An operator who violates the provisions of subsection (1) and while so doing:

      (a)     Travels in excess of thirty (30) miles per hour above the posted speed limit;

      (b)     Causes damage to the property of another or bodily injury to another;

      (c)     Drives his vehicle in a manner as to endanger or likely to endanger the property of another or the person of another; or

      (d)     Leaves the state;

is guilty of a felony.

As relevant here, the felony eluding a police officer statute, I.C. § 49-1404(2), contains elements that the misdemeanor eluding a police statute, I.C. § 49-1404(1), does not--but the misdemeanor statute does not contain any element not already contained in the felony statute. Because Kneppe's two convictions arise under the same statute, the next inquiry is whether his criminal conduct constituted one continuing event or two separate acts. *See Moffat*, 154 Idaho at 532-33, 300 P.3d at 64-65.

Kneppe argues that the district court erred by dividing his single episode of fleeing and attempting to elude police into "a series of temporal [and] spatial units" in violation of *Brown*, 432 U.S. at 169. Specifically, Kneppe asserts that he continuously eluded officers from the moment he fled city police until he was ultimately apprehended by county deputies--fourteen to twenty minutes after the initial chase. In response, the State argues the felony eluding crime and the misdemeanor eluding crime were "distinct acts" and not part of a single, continuing offense. The State emphasizes that the city police suspended their pursuit (constituting the first misdemeanor offense) and that Kneppe then fled county deputies in a separate action at a later period of time (constituting the felony offense). We conclude that Kneppe's criminal conduct constituted two separate acts and that charging him for this separate conduct does not violate the prohibitions against double jeopardy.

5

In the first pursuit, Kneppe eluded city police, prompting them to suspend their chase. Following this suspension, city police did not know Kneppe's location. During this period of time, city officers went to Kneppe's residence hoping he would return and were not actively signaling him to stop, which is a necessary element of the crime of eluding, I.C. § 49-1404(1). Kneppe, therefore, completed the misdemeanor offense of eluding the city police and was not actively eluding any law enforcement agency for a period of time. Later, Kneppe eluded county deputies in a second high-speed chase, where he reached speeds of up to 112 miles per hour, ran stop signs, and narrowly avoided head-on collisions instead of pulling over when deputies activated their overhead lights. This was a new and separate offense that constituted felony eluding a police officer. The district court did not improperly divide a single crime into a series of temporal or spatial units to avoid double jeopardy limitations because Kneppe's conduct was separated not only by time and location but also by distinct actions pursued independently by separate law enforcement agencies. *See Moad*, 156 Idaho at 659, 330 P.3d at 405 (holding that the double jeopardy prohibition "is not violated if the charges are for distinct crimes rather than inseparable parts of a single criminal episode"). Accordingly, Kneppe has failed to show that his felony eluding an officer conviction violates the prohibitions against double jeopardy.

## IV.

## CONCLUSION

Kneppe eluded city police in a high-speed chase and then eluded county deputies in a second chase. These chases constituted two separate and distinct acts. As a result, Kneppe has failed to demonstrate that the district court erred in denying his motion to dismiss. Accordingly, Kneppe's judgment of conviction for felony eluding a police officer is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.